UNITED STATES of America, Appellee,

v.

Richard Lee WILLIAMS, Appellant.

UNITED STATES of America, Appellee,

v.

Jack A. TERRELL, Appellant.

UNITED STATES of America,

v.

Raymon L. TERRELL, Appellant.

Nos. 80–1368, 80–1386 and 80–1400.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1981.

Decided March 11, 1981.

Rehearing Denied April 29, 1981.

William E. Erdrich, St. Joseph, Mo., for appellant Williams.

Kenneth Josephson, Asst. U. S. Atty. (argued), Ronald S. Reed, Jr., U. S. Atty., Anthony P. Nugent, Jr., First Asst. U. S. Atty., Kansas City, Mo., for appellee.

Philip M. Moomaw (argued), Benjamin D. Entine, Asst. Federal Public Defenders, W. D. Missouri, Kansas City, Mo., for appellant Jack A. Terrell.

Tim L. Warren, St. Joseph, Mo., for appellant Rayman L. Terrell.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

BRIGHT, Circuit Judge.

Jack A. Terrell, his younger brother, Raymon L. Terrell, and Richard L. Williams appeal their convictions, each on one count, for corruptly endeavoring to impede or obstruct the due administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a) (1976).[1] In addition, Raymon Ter-

---

1. 26 U.S.C. § 7212(a) (1976) reads in full:
   *Whoever* corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title [26, the Internal Revenue Code], or *in any other way corruptly* or by force or threats of force (including any threatening letter or communication) *obstructs or im-*

rell and Williams appeal their convictions, each on one count, for filing false withholding exemption certificates (W–4 forms), in violation of 26 U.S.C. § 7205 (1976).[2] In 1979 Williams and Raymon Terrell filed false withholding exemption certificates on the advice and with the assistance of Jack Terrell. Thereafter the Government commenced this prosecution. Following a five-day trial the jury found appellants guilty of the offenses charged and the district court[3] entered judgments of conviction.

On appeal all three appellants contend that their conduct did not fall within the ambit of section 7212's prohibitions. In addition, Jack Terrell attacks the sufficiency of the evidence to support his conviction, and alternatively asserts that he should have a new trial based on the following grounds: prosecutorial misconduct in argument; the introduction of prejudicial evidence on the conspiracy count which the Government later voluntarily dismissed; and the alleged physical incapacity of a juror that prevented her from continuing to hold out against a guilty verdict. Appellants Williams and Raymon Terrell attack the sufficiency of the evidence to support their convictions, assert error in the court's jury instruction regarding the section 7205

violations, and join in Jack Terrell's motion for a new trial based on juror incapacity. Williams also asserts as error the denial of his motion to sever his trial from Jack Terrell's.

We have reviewed the record and find no merit in any of the claims made by appellants, except their assertion that section 7212 does not apply to their conduct. We consider only that issue in depth and hold that section 7212 does not apply to the conduct of Raymon Terrell and Williams, but does apply to Jack Terrell's conduct.

Accordingly, we affirm the convictions of Raymon Terrell and Williams only on their respective section 7205 counts, and affirm the conviction of Jack Terrell on the section 7212 charge.

## I. Factual Background.

Although the parties hotly contested the relevant issues at trial, the factual background to this case is relatively simple.[4] In the early 1970's Jack Terrell established a one-man consumer self-help outfit with the initials M.A.C.O., an acronym which came to signify a variety of meanings.[5] M.A.C.O. subsequently metamorphosed into the People Helping People Association, an organi-

---

*pedes, or endeavors to obstruct or impede, the due administration of this title,* shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family. [Emphasis added.]

2. 26 U.S.C. § 7205 (1976) reads in pertinent part:

Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information * * * shall, in lieu of any other penalty provided by law (except the penalty provided by section 6682), upon conviction thereof, be fined not more than $500, or imprisoned not more than 1 year, or both.

3. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, sentenced Jack Terrell to an 18-

month term of imprisonment with all but four months suspended, to be followed by a three-year period of probation during which he is to pay a $1,000 fine. The district court sentenced Raymon Terrell to concurrent seven-month terms of imprisonment with all but 21 days suspended, to be followed by concurrent three-year periods of probation. Finally, the district court sentenced Williams to concurrent three-year probationary periods and fined him $300 for the § 7205 violation.

4. In reviewing the record, of course, we view the evidence in the light most favorable to supporting the verdicts. *E. g., Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1941); *United States v. Lodwick,* 410 F.2d 1202, 1204 (8th Cir.), *cert. denied,* 396 U.S. 841, 90 S.Ct. 105, 24 L.Ed.2d 92 (1969).

5. Jack Terrell's attorney referred to M.A.C.O. as Mid-America Auto Consultants. One member of M.A.C.O. testified that the initials stood for Money and Consultants Association. Terrell himself testified that the initials stood for Motor Analyzing Clean Oil Company.

zation (in the person of Jack Terrell) which, for a $300 fee, dispensed financial advice and rendered consumer services, including membership in a prepaid legal assistance plan.

Early in 1979, Terrell, by then a four-year janitorial employee with the Quaker Oats Company, undertook a study of the tax system by sending for the literature of several tax protest organizations. After reading six to eight books obtained through the mail, Terrell held himself out as a tax consultant and proffered tax advice to the members of his People Helping People Association. Among other things, Terrell advised the members of his organization and others to file W–4 forms claiming exempt status.[6]

By September 1979 Jack Terrell, Raymon Terrell, and Richard Williams had filed such forms with their employers. In mid-August 1979 each of them submitted W–4 forms claiming exempt status pursuant to 26 U.S.C. § 6012 (1976). Jack Terrell's and Williams' employer, Quaker Oats, rejected these forms as invalid. Raymon Terrell's employer, Wire Rope Corporation, similarly rejected the W–4 form submitted by him as nonconforming.[7] Subsequently Jack Terrell filled out another W–4 form for Williams, and Williams submitted the form to Quaker Oats on August 28, 1979. Jack Terrell also filled out another W–4 form for Raymon Terrell and submitted the executed form to Wire Rope in his brother's behalf on August 27, 1979. Around this time Jack Terrell submitted another W–4 form to Quaker Oats claiming exempt status.[8]

A Missouri federal grand jury returned a twelve-count indictment charging the Terrells, Williams, and eight other individuals with corruptly endeavoring to impede or obstruct the due administration of the Internal Revenue Code. In other counts the indictment charged each of them with conspiring to defraud the United States by depriving it of the benefit of receiving individual federal income tax withholding payments in a timely and proper manner,[9] and each of them, excepting Jack Terrell, with filing false W–4 forms. The district court severed the charges against the Terrells, Williams, and two other defendants for trial. Before trial the two other defendants entered into plea agreements with the United States Attorney. At trial the Government voluntarily dismissed the conspiracy count of the indictment following the submission of its case-in-chief.

Williams and the Terrells contended in their defense that they had acted out of a good faith misinterpretation of the law and therefore lacked the requisite intent to com-

6. Both in public meetings, where he recruited members to join People Helping People or solicited business as a tax consultant, and in private, where he advised such members of People Helping People as Richard Williams, Jack Terrell proclaimed the shibboleths of the tax protest movement: the income tax is illegal; wages do not constitute income; dollars issued as Federal Reserve notes, not backed by a precious metal, are not taxable. In September 1979, Terrell falsely asserted that he had paid no income taxes for 12 years and that he had stopped his taxes from being withheld a year ago. In this context, Terrell urged others to file W–4 forms claiming exempt status. *See also* note 10 *infra*. Because Terrell was not prosecuted on the basis of tenets he advocated, but rather on the basis of acts he committed, this case raises no first amendment issues. *See* text *infra*. *See also United States v. Buttorff,* 572 F.2d 619 (8th Cir.), *cert. denied,* 437 U.S. 906, 98 S.Ct. 3095, 57 L.Ed.2d 1136 (1978); Note, *Constitutional Law: Speech That Aids*

*and Abets Tax Fraud,* 63 Minn.L.Rev. 641 (1979).

7. Raymon Terrell had worked for Wire Rope as a machine operator for five and one-half years. Though not a member of the People Helping People Association, he conceded awareness of his brother's activities with the group. Williams had worked for Quaker Oats since 1969, and joined People Helping People in June 1979.

8. Because we summarily affirm Raymon Terrell's and Richard Williams' § 7205 convictions, we omit a summary of the evidence from which the jury could have concluded that Raymon Terrell and Williams willfully filed their false W–4 forms. Suffice it to say that the Government introduced ample evidence from which the jury could reasonably conclude that Raymon Terrell and Williams acted willfully.

9. All but Jack Terrell were named as unindicted coconspirators.

mit the criminal offenses charged.[10] In addition, in appropriate motions before and after trial, appellants asserted the inapplicability of section 7212 to their conduct.

## II. *Section 7212.*

Section 7212(a) of the Internal Revenue Code, in its offense-defining portion, consists primarily of two clauses. The first, more specific clause, prohibiting corrupt or forcible endeavors to interfere with United States employees acting pursuant to Title 26, has been the subject of judicial interpretation. *See, e. g., United States v. Rybicki,* 403 F.2d 599 (6th Cir. 1968). Our research, however, has disclosed no case brought by the Government under the more general "omnibus clause" of section 7212.[11] We note, therefore, that the proper interpretation of this clause presents us with an issue of first impression, and that we proceed cautiously where for over twenty-five years the Government has feared to tread.[12]

The relevant language of section 7212 under which appellants were convicted contains three elements: (1) in any way corruptly (2) endeavoring (3) to obstruct or impede the due administration of the Internal Revenue Code. *Cf. United States v. Tedesco,* 635 F.2d 902 at p. 906 (1st Cir. 1980) (listing elements of 18 U.S.C. § 1503 (1976)). Appellants contend primarily that the Government failed to prove the third element enumerated above. Specifically, they argue that neither willfully filing false W-4 forms (Raymon Terrell and Williams) nor aiding and abetting the filing of such forms (Jack Terrell) constitutes an endeavor to obstruct the due administration of the Internal Revenue Code.[13]

The Government, on the other hand, contends with some circularity that section 7212 prohibits all unprivileged conduct of individuals or groups which subverts the operation of the tax system.[14] In making

10. Specifically, appellants contended that they had acted out of a good faith misinterpretation of the word "liability" in this sentence of the relevant W-4 forms: "Under the penalties of perjury, * * * I certify that I incurred no liability for Federal income tax for last year and that I anticipate that I will incur no liability for Federal income tax for this year." Appellants testified that they understood the word "liability" to include only taxes due at year's end in addition to those already paid by withholding.

11. The language and structure of § 7212 track part of certain federal obstruction of justice statutes, specifically 18 U.S.C. §§ 1503 and 1505 (1976). We follow the convention of opinions dealing with those statutes in referring to the general prohibitory clause of such a statute as its "omnibus clause." *See, e. g., United States v. Griffin,* 589 F.2d 200, 206 (5th Cir.), *cert. denied,* 444 U.S. 825, 100 S.Ct. 48, 62 L.Ed.2d 32 (1979).

12. Congress enacted § 7212 as part of the Internal Revenue Code of 1954. Int.Rev.Code of 1954, ch. 736, § 7212, 68A Stat. 855. The language at issue in this case does not appear in § 7212's statutory predecessor, Int.Rev.Code of 1939, ch. 2, § 3601(c), 53 Stat. 435.

At one time the Government contended that § 7212 applied only to conduct involving force or threats of force. *See United States v. Henderson,* 386 F.Supp. 1048, 1055–56 (S.D.N.Y. 1974). The Government in the present case has characterized its position in *Henderson* as "timid."

13. Appellants rest this argument in part on § 7212's scant legislative history. *See* H.R.Rep. No.1337, 83d Cong., 2d Sess. (1954), *reprinted in* [1954] U.S.Code Cong. & Ad.News 4019, 4574–75; S.Rep.No.1622, 83d Cong., 2d Sess. (1954), *reprinted in* [1954] U.S.Code Cong. & Ad.News 4621, 5254; H.R.Rep.No.2543, 83d Cong., 2d Sess. (1954) (Conference Report), *reprinted in* [1954] U.S.Code Cong. & Ad.News 5280, 5344. This legislative history is virtually useless with respect to the issue before us, however, because it is wholly silent on § 7212's omnibus clause.

14. Raymon Terrell and Williams joined in a pretrial motion to dismiss that count of the indictment charging them with violating § 7212 on the ground that it duplicated the alleged § 7205 violation. The Government resisted this motion on the ground that § 7212 required proof of an element which § 7205 did not, *i. e.,* the Government's failure to receive withholding payments as a result of the filing of false W-4 forms. In its jury instructions, however, the district court correctly instructed the jury that in order to establish a violation of § 7212 the Government needed to prove, *inter alia,* "that there was action taken which impeded the due administration of the Internal Revenue laws, *or* that an endeavor was made to impede the due administration of those laws." [Emphasis added.] In other words, the statute clearly does not require that the prohibited endeavor be successful in order to constitute an offense. *See United States v. Cioffi,* 493 F.2d 1111,

this argument the Government more pointedly invites us to construe section 7212 *in pari materia* with the principal obstruction of justice statutes, 18 U.S.C. §§ 1503 and 1505 (1976).[15] In construing these statutes, however, courts have split over whether the commission of simple perjury, conduct analogous to the filing of a false W–4 form under penalty of perjury, constitutes the offense of obstruction. *Compare United States v. Griffin, supra* note 11, 589 F.2d 201–06, *with United States v. Essex*, 407 F.2d 214 (6th Cir. 1969). *See generally In re Michael*, 326 U.S. 224 (1945).[16]

Nevertheless, we agree with the Government that the broad language of section 7212's omnibus clause demands a correspondingly broad construction. But section 7212 is only one of several general criminal provisions contained in the Internal Revenue Code. *See* 26 U.S.C. §§ 7201–7215 (1976). In sum, these provisions establish what the Supreme Court described as

> a system of sanctions which singly or in combination were calculated to induce prompt and forthright fulfillment of every duty under the income tax law and to provide a penalty suitable to every degree of delinquency. [*Spies v. United States*, 317 U.S. 492, 497, 63 S.Ct. 364, 367, 87 L.Ed. 418 (1943), *quoted in Sansone v. United States*, 380 U.S. 343, 350–51, 85

S.Ct. 1004, 1009, 1010, 13 L.Ed.2d 882 (1965).]

In order to determine the proper construction of section 7212, we therefore examine the section in light of the Code's general criminal provisions. *See Spies v. United States, supra*, 317 U.S. at 495, 63 S.Ct. at 366.

■ The Government essentially contends, with respect to the section 7212 convictions of Raymon Terrell and Richard Williams, that the willful filings of false W–4 forms constitute endeavors to impede the due administration of the Internal Revenue Code. Not only does section 7205, under which Terrell and Williams were also prosecuted and convicted, expressly make this conduct illegal, it provides that the fine and imprisonment it authorizes upon conviction shall be "in lieu of any other penalty provided by law * * *." 26 U.S.C. § 7205 (1976), *quoted in* note 2 *supra*. Congress has therefore confined the punishment for conduct in violation of section 7205 exclusively to that authorized under section 7205. From this we infer, as a matter of statutory construction, that Congress intended criminal prosecutions for such conduct to be maintained solely under section 7205, and, therefore, that Congress did not intend to include such conduct under section 7212.[17]

---

1118–19 (2d Cir.), *cert. denied*, 419 U.S. 917, 95 S.Ct. 195, 42 L.Ed.2d 155 (1974).

**15.** We assume for the purposes of argument that these statutes should be so construed. *See generally* 2A Sands, *Statutes and Statutory Construction*, § 51.01–.08 (1973). *See also* note 11 *supra*.

**16.** *See also, e. g., United States v. Partin*, 552 F.2d 621, 630–31 (5th Cir.), *cert. denied*, 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977) (counselling the commission of perjury constitutes an offense under § 1503); *United States v. Walasek*, 527 F.2d 676, 678–81 (3d Cir. 1975) (destruction of subpoenaed records constitutes an offense under § 1503); *United States v. Cohn*, 452 F.2d 881 (2d Cir. 1971), *cert. denied*, 405 U.S. 975, 92 S.Ct. 1196, 31 L.Ed.2d 249 (1972) (false and evasive grand jury testimony constitutes an offense under § 1503); Annot., 20 A.L.R. Fed. 731 (1974). Even those courts which have held perjury to constitute an offense under § 1503 or 1505 apparently have done so only in cases of "blatantly evasive,"

rather than merely false, testimony. *E. g., United States v. Alo*, 439 F.2d 751, 754 (2d Cir.), *cert. denied*, 404 U.S. 850, 92 S.Ct. 86, 30 L.Ed.2d 89 (1971) (construing § 1505).

**17.** On appeal the Government in effect interprets § 7212's omnibus clause to include as prohibited conduct such conduct as is elsewhere specifically prohibited by other general criminal provisions of the Internal Revenue Code. Insofar as the record before us discloses, at no stage of these proceedings has the Government contended that the mental elements required to establish violations of § 7212 (specific intent to obstruct the administration of the Internal Revenue Code) and § 7205 (intentional violation of a known legal duty) differ sufficiently to make § 7212 an offense distinguishable from § 7205.

Although the Government prosecuted Terrell and Williams under both a felony and a misdemeanor provision, we emphasize that we do not reject the Government's construction of § 7212 because in other cases it would confer

Accordingly, we reverse the section 7212 convictions of Raymon Terrell and Richard Williams.

■ Jack Terrell's section 7212 conviction, however, presents us with different considerations. At trial the uncontroverted evidence indicated that Terrell physically assisted the willfully false filings of both Raymon Terrell's and Richard Williams' false W–4 forms.[18] Such conduct violates the Code's aiding and abetting provision, 26 U.S.C. § 7206(2) (1976).[19] *See United States v. Crum*, 529 F.2d 1380, 1382 n.2 (9th Cir. 1976) (listing elements of offense of aiding and abetting tax fraud). Unlike section 7205, section 7206(2) contains no language stating that the penalties it authorizes are exclusive of any others provided by law. Moreover, section 7206(2) is a felony provision authorizing penalties identical (with the exception of the costs of prosecution) to those authorized by section 7212.[20]

Jack Terrell's section 7212 conviction therefore raises the sole issue whether conduct assisting the preparation and filing of false W–4 forms constitutes an endeavor to impede or obstruct the due administration of the Internal Revenue Code. We conclude that section 7212's omnibus clause plainly comprehends this conduct. Accord-ingly, we affirm Jack Terrell's section 7212 conviction.

### III. *Conclusion.*

A. We affirm Jack Terrell's conviction for violation of section 7212 (count II) and his sentence of imprisonment under a split sentence of eighteen months (all but four months suspended), fine of $1,000, and probation for three years on the suspended portion of his sentence.

B. We affirm the conviction of Raymon L. Terrell on count XI (section 7205 violation), but reverse the conviction on count II (section 7212 violation). Because the district court imposed concurrent sentences on this appellant, the sentence imposed will stand.[21]

C. We affirm the conviction of Richard L. Williams on count IV (section 7205 violation), but reverse the conviction on count II (violation of section 7212). The sentence of three years probation imposed concurrently on each conviction will stand, as will the fine imposed on count IV.

Convictions affirmed in part and reversed in part, with concurrent sentences as imposed being affirmed.

---

discretion to prosecute the same conduct as either a felony or a misdemeanor. *See United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). Moreover, we need not decide whether other of the Code's misdemeanor provisions that lack the exclusive penalty language of § 7205 describe conduct which may not be prosecuted under § 7212. *E. g.*, 26 U.S.C. § 7203 (1976) (willful failure to file a return).

**18.** On the forms of both he wrote the word "Exempt." In addition, Jack Terrell brought his brother's false W–4 form to Wire Rope and filed it with the company.

**19.** 26 U.S.C. § 7206(2) provides:
Any person who—
(2) *Aid or assistance*
   Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document * * *

   *   *   *   *   *   *

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution.
   Terrell's conduct violated as well the general federal aiding and abetting statute, 18 U.S.C. § 2 (1976). *See United States v. Crow Dog*, 532 F.2d 1182 (8th Cir. 1976), *cert. denied*, 430 U.S. 929, 97 S.Ct. 1547, 51 L.Ed.2d 772 (1977).

**20.** The record contains no hint why the Government chose to prosecute Jack Terrell under § 7212 rather than § 7206(2).

**21.** We have not applied the concurrent sentence doctrine in reviewing this case for two reasons: first, the legal issues raised are important; second, as to Raymon Terrell and Williams, a conviction on § 7212 is a felony, but a conviction on § 7205 is only a misdemeanor.