JACK A. TERRELL and ANGELA TERRELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Terrell v. Commissioner
Docket No. 10995-82.
United States Tax Court
T.C. Memo 1982-651; 1982 Tax Ct. Memo LEXIS 89; 45 T.C.M. (CCH) 72; T.C.M. (RIA) 82651; November 15, 1982. *89 Petitioner-husband, a tax protester, was convicted for corruptly endeavoring to impede or obstruct the due administration of the Internal Revenue Code, 26 U.S.C. 7212(a). Prior to and after his conviction he held himself out as a tax consultant and recently accompanied individuals to meetings with representatives of the Internal Revenue Service as their representative. Respondent issued a statutory notice of deficiency to petitioners in which he disallowed, interalia, claimed Schedule C expenses of $24,247. No specific justiciable allegations of error and of supporting facts respecting respondent's income tax deficiency determination are set forth in the petition. Held, respondent's Motion to Dismiss Based Upon Failure to State a Claim Upon Which Relief Can be Granted, is granted. *90 Jack A. Terrell and Angela Terrell, pro se. James E. Cannon and Keith A. Aqui, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE *91 SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted filed on July 9, 1982, pursuant to Rule 40, Tax Court Rules of Practice and Procedure.[2]
Petitioner, Jack A. Terrell (hereinafter called petitioner), was convicted in the United States District Court for the Western District of Missouri, United States v. Jack A. Terrell, affd. sub nom., United States v. Williams,644 F.2d 696 (8th Cir. 1981), cert. denied Terrell v. United States,102 S.Ct. 150 (1981), for corruptly endeavoring to impede or obstruct the due administration of the Internal Revenue Code in violation of section 26 U.S.C. 7212(a). [3] In United States v. Williams,supra at 697-698, the Court of Appeals elucidates further, in part, as to petitioner's income tax history-- *92 * * * In the early 1970's Jack Terrell established a one-man consumer self-help outfit with the initials M.A.C.O., an acronym which came to signify a variety of meanings. M.A.C.O. subsequently metamorphosed into the People Helping People Association, an organization (in the person of Jack Terrell) which, for a $300 fee, dispensed financial advice and rendered consumer services, including membership in a prepaid legal assistance plan. [Footnote omitted.] Early in 1979, Terrell, by then a four-year janitorial employee with the Quaker Oats Company, undertook a study of the tax system by sending for the literature of several tax protest organizations. After reading six to eight books obtained through the mail, Terrell held himself out as a tax consultant and proffered tax advice to the members of his People Helping People Association. Among other things, Terrell advised the members of his organization and others to file W-4 forms claiming exempt status. [6][4]
*93 We next proceed to our consideration of respondent's motion. Respondent, in his notice of deficiency issued to petitioners on February 22, 1982, determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1978 in the amount of $4,504.07. The deficiency is based upon respondent's determinations that petitioners (1) did not establish their entitlement to Schedule C expenses claimed on their 1978 joint Federal income tax return in the amount of $24,247.00, (2) were subject to self employment tax on self employment income, and (3) did not qualify for an earned income credit. Petitioners resided at 1715 Olive Street, St. Joseph, Missouri on the date they filed their petition. They filed a joint 1978 Federal income tax return with the Internal Revenue Service. Petitioners timely filed their petition on May 24, 1982. Therein, at paragraph 4, they allege-- I do not understand the notice of deficiency, do not understand the figures in the deficiency, were (sic) the figures came from and how they derived at the result in the deficiency. Because of the lack of communication from the respondents (sic) I am (sic) petitioning this Court for an understanding *94 of the notice of deficiency. [5]
Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error". It is clear beyond doubt that the petition alleges no justiciable error or facts with respect to the Commissioner's income tax deficiency determination. [6] In such posture, Rule 34(b)(4) states, in part--"Any issue not raised in the assignment of errors shall be deemed to be conceded". See Pebley v. Commissioner,T.C. Memo. 1981-701. The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon which we can grant any relief. *95 [7] The absence in the petition of specific justiciable allegations of error and of supporting facts permits this Court to grant respondent's motion. Rule 123(b); cf. Klein v. Commissioner,45 T.C. 308 (1965); Goldsmith v. Commissioner,31 T.C. 56 (1958); Weinstein v. Commissioner,29 T.C. 142 (1957). Petitioners would have us believe that the burden of proof with respect to the adjustments determined in respondent's deficiency notice is upon respondent. Such is not the case. The determinations made by respondent in his notice of deficiency are presumed correct; the burden is on petitioners [not respondent] to show those determinations are wrong, and the imposition of the burden of proof is constitutional. Welch v. Helvering,290 U.S. 111 (1933); *96 Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975); Rule 142(a). On this record, we must and do sustain respondent's determination, and his motion will be granted. [8]
An appropriate order and order of dismissal and decision will be entered.
Footnotes
1. Since respondent's motion is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on October 13, 1982. Petitioners did not appear. However, they did file an "Opposition Motion to Dismiss Based Upon Failure to State a Claim Upon Which Relief Can be Granted and Motion to Dismiss" on August 3, 1982.
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. 26 U.S.C. sec. 7212(a) reads in full: "Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title [26, the Internal Revenue Code], or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term 'threats of force', as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family". In the District Court case, petitioner was convicted for his conduct in assisting in the preparation and filing of false W-4 forms for his brother and another individual.↩
6. It is clear to the Court that petitioners are yet another in a seemingly unending parade of tax protesters bent on glutting the dockets of this Court and others with frivolous claims.↩
4. Footnote 6 of the Court of Appeals opinion further enlightens us as follows: "6. Both in public meetings, where he recruited members to join People Helping People or solicited business as a tax consultant, and in private, where he advised such members of People Helping People as Richard Williams, Jack Terrell proclaimed the shibboleths of the tax protest movement: the income tax is illegal; wages do not constitute income; dollars issued as Federal Reserve notes, not backed by a precious metal, are not taxable. In September 1979, Terrell falsely asserted that he had paid no income taxes for 12 years and that he had stopped his taxes from being withheld a year ago. In this context, Terrell urged others to file W-4 forms claiming exempt status. Seealso note 10 infra. Because Terrell was not prosecuted on the basis of tenets he advocated, but rather on the basis of acts he committed, this case raises no first amendment issues. See text infra. * * *" We observe that venue on appeal in this case would lie in the United States Court of Appeals for the Eighth Circuit.↩
5. This is the sum and substance of petitioners' case.↩
7. Since petitioner, Jack A. Terrell, held himself out as a tax consultant both prior to and after his conviction discussed hereinbefore and since he still continues to accompany other taxpayers as their representative at meetings with representatives of the Internal Revenue Service we find the statements in the petition respecting a lack of understanding of the deficiency notice to be frivolous.↩
8. Petitioners' request to dismiss, upon the ground that the petition did not fail to state a claim upon which relief can be granted, made in their opposition, filed on August 3, 1982, being meritless, will be denied.↩