**UNITED STATES of America**

v.

**Walter A. CONNOR, Jr., Appellant.**

**No. 89–3614.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 12, 1990.

Decided March 21, 1990.

Rehearing and Rehearing In Banc Denied April 13, 1990.

Walter A. Connor, Jr., Pittsburgh, Pa., pro se.

Paul J. Brysh, U.S. Attorney's Office, Pittsburgh, Pa., for appellee.

Before SLOVITER, BECKER and STAPLETON, Circuit Judges.

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant Walter A. Connor, Jr., who worked as a transport driver for the Braun Baking Company, did not file an income tax return for any of the years 1982 through 1986 and paid no income tax in those years on his wages, on some interest he received, and on payments from the Teamsters Union related to his service as the local vice-president.[1] Connor was charged in a five-count indictment with income tax evasion in violation of 26 U.S.C. § 7201 for each of those five years. The indictment charged that he failed to file an income tax return in each of the five years and that he provided his employer in 1982 through 1985 with a fraudulent W-4, Employee's Withholding Certificate, on which he falsely claimed to be exempt from federal income taxes, and in 1986 with a fraudulent affidavit in lieu of a W-4.

After a jury trial, he was found guilty on all of the counts. He was sentenced on Count 1 to one-year imprisonment on a work release program, and on Counts 2, 3, 4 and 5 to a suspended five-year imprisonment term with the sentence on Counts 3, 4 and 5 to run concurrently with the sentence on Count 2. He was placed on probation for five years to commence upon release from confinement as imposed under Count 1.

Connor raises two issues on this direct appeal. He contends that because of the Sixteenth Amendment wages are not taxable income within the meaning of the federal income tax laws and that filing a W-4 exemption is not an overt act to conceal income in an attempt to evade taxes on his income as a matter of law.

1. The government states that up until 1980 Connor had filed income tax returns and complied

I.

*Wages Are Income*

Connor argues that a tax on wages is a direct tax subject to the provision of Article 1, Section 2, Clause 3 of the Constitution which requires that direct taxes be apportioned by population. He makes this claim despite the specific language of the Sixteenth Amendment that:

The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several states, and without regard to any census or enumeration.

Connor purports to find authority for his argument in *Eisner v. Macomber*, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521 (1920), a case patently inapposite because it held merely that a stock dividend made to shareholders in their proportionate interests against profits accumulated by the corporation was not income. As the Supreme Court later explained in *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 430–31, 75 S.Ct. 473, 99 L.Ed. 483 (1955), the *Eisner* Court held that the distribution of a corporate stock dividend changed only the form of the taxpayer's capital investment, and that because the taxpayer received nothing out of the company's assets for his separate use and benefit, the distribution was not a taxable event. *Glenshaw* reiterated that Congress intended to use the full measure of its taxing power in creating the income tax. *Id.* at 429, 75 S.Ct. at 475–76, citing, *inter alia, Helvering v. Clifford*, 309 U.S. 331, 334, 60 S.Ct. 554, 556, 84 L.Ed. 788 (1940).

Congress exercised its power to tax income by defining income as, *inter alia*, "compensation for services, including fees, commissions, fringe benefits and similar items." 26 U.S.C. § 61(a)(1) (Supp. II 1984). Every court which has ever considered the issue has unequivocally rejected the argument that wages are not income. *See, e.g., Coleman v. Commissioner*, 791 F.2d 68, 70 (7th Cir.1986); *Connor v. Commissioner*, 770 F.2d 17, 20 (2d Cir. 1985) (per curiam); *Perkins v. Commis-*

with the federal tax laws.

*sioner,* 746 F.2d 1187, 1188 (6th Cir.1984) (per curiam); *Funk v. Commissioner,* 687 F.2d 264, 264 (8th Cir.1982) (per curiam).

Moreover, Connor's argument has already been rejected by this court. In *Sauers v. Commissioner,* 771 F.2d 64 (3d Cir.1985), *cert. denied,* 476 U.S. 1162, 106 S.Ct. 2286, 90 L.Ed.2d 727 (1986), the taxpayer argued, *inter alia,* that wages are property and therefore are not taxable income. *Id.* at 66 n. 2. This court agreed with the Tax Court that the taxpayer's "legal contentions were patently frivolous," *id.* at 66, and affirmed the decision of the Tax Court awarding the Commissioner damages for a frivolous claim under 26 U.S.C. § 6673. *Id.* at 67–70. We take this opportunity to reiterate that wages are income within the meaning of the Sixteenth Amendment. Unless subsequent Supreme Court decisions throw any doubt on this conclusion, we will view arguments to the contrary as frivolous, which may subject the party asserting them to appropriate sanctions.

## II.

### Effect of Filing Fraudulent W–4

■ Connor's next argument is that the affirmative act of filing a fraudulent W–4 may not properly be the basis of his conviction for tax evasion. Under the language of the relevant provision, "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed ... shall ... be guilty of a felony...." 26 U.S.C. § 7201 (1982). Connor argues that he can not be charged with a felony for the years 1982 to 1984 when the basis of the charge is providing his employer with fraudulent W–4s because the provision of the Code directly applicable to willfully supplying false or fraudulent information to an employer, 26 U.S.C. § 7205, provided that the misdemeanor penalty assessed was "in lieu of any other penalty provided by law." 26

U.S.C. § 7205 (1982), *amended by,* 26 U.S.C. § 7205(a) (Supp. II 1984).[2]

Connor argues that until the Deficit Reduction Act of 1984, Pub.L. No. 98–369, 98 Stat. 494, effective as of July 18, 1984, amended that language to read that the penalty shall be "in addition to any other penalty provided by law," 26 U.S.C. § 7205(a) (Supp. II 1984), use of 26 U.S.C. § 7201 for an offense such as his was precluded. Inasmuch as his W–4s for the years 1982, 1983, and 1984 were filed before the amendment, he contends that his penalties for tax evasion for those years must be no more than misdemeanors.

■ We note that Connor was not indicted for violation of 26 U.S.C. § 7205, so that the "in lieu of" language appears inapplicable to him. Connor, however, appears to be arguing that the preclusive effect of 26 U.S.C. § 7205 applies to him because the government relies on the fraudulent W–4s to supply the willfulness needed to support his indictment under 26 U.S.C. § 7201. We agree with the government that the legislative history shows that the "in lieu of" language of 26 U.S.C. § 7205 before its amendment was directed to other misdemeanors provided for in section 145(a) of the Code, which involve filing, and was not designed to be in lieu of the felony offense of attempting to evade the income tax, which was imposed pursuant to section 145(b) of the Code. *See United States v. Foster,* 789 F.2d 457, 460–61 (7th Cir.), *cert. denied,* 479 U.S. 883, 107 S.Ct. 273, 93 L.Ed.2d 249 (1986) (reaching this conclusion from examination of legislative history).

This is made explicit in the Senate Report accompanying the Current Tax Payment Act of 1943, Pub.L. No. 68, 57 Stat. 126, 138. *See* S.Rep. No. 221, 78th Cong., 1st Sess. 30–31 (1943) ("[S]uch penalties are in lieu of those provided in section 145(a) of the code."). The Senate Report explained that reference to section 145(a) was elimi-

---

**2.** The relevant language of 26 U.S.C. § 7205 provided:

Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information, or who willfully fails to supply information thereunder which would require an increase in the tax to be withheld under section

3402, shall, in lieu of any other penalty provided by law (except the penalty provided by section 6682), upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both.

26 U.S.C. § 7205 (1982) *amended by,* 26 U.S.C. § 7205 (Supp. II 1984).

nated because of a structural revision of the Code by Congress. *Id.* at 31.

It would be unreasonable, absent clear Congressional intent to the contrary, to construe the misdemeanor penalty provided in 26 U.S.C. § 7205 before the 1984 amendment as a substitute for the felony offense of willful attempt to evade taxes, which the Supreme Court has described as "the capstone of a system of sanctions which singly or in combination were calculated to induce prompt and forthright fulfillment of every duty under the income tax law and to provide a penalty suitable to every degree of delinquency." *Spies v. United States,* 317 U.S. 492, 497, 63 S.Ct. 364, 367, 87 L.Ed. 418 (1943).

Connor construes the opinion in *United States v. Williams,* 644 F.2d 696 (8th Cir.), *cert. denied,* 454 U.S. 841, 102 S.Ct. 150, 70 L.Ed.2d 124 (1981), to provide support for his position. *Williams,* however, involved a somewhat different situation. There, two defendants were convicted of both a violation of 26 U.S.C. § 7205, filing false W–4 forms, and a violation of 26 U.S.C. § 7212 for obstructing or impeding the due administration of the Internal Revenue Code. The Court of Appeals overturned the latter conviction based on the "in lieu of" language then in section 7205. Section 7212 of the Code has both a felony and misdemeanor component. Connor's argument assumes that the indictment charged a felony. The government suggests, on the other hand, that the charge was a misdemeanor because the *Williams* court did not vacate the sentence for violation of section 7212 which had been imposed concurrently with the sentence for violation of section 7205. Certainly the language of the opinion suggests that the court viewed the offense charged under section 7212 as a misdemeanor comparable with that charged in section 7205, see particularly 744 F.2d at 700 n. 17, rather than as a felony.

In the absence of more compelling authority, we reject Connor's contention that the government could not rely on his filing of a false W–4 form with the employer to support the felony convictions on Counts 1, 2 and 3.[3]

■ Finally, Connor argues that as a matter of law the government cannot establish willfulness, a necessary element of the crime of tax evasion under 26 U.S.C. § 7201, from the filing of a fraudulent W–4. He argues that "[i]mplicit in the authorization [to deduct a portion of the employee's wages for income tax withholding and payment] is the ability of the employee to refuse to allow the employer to withhold." Brief for Appellant at 15. Connor misunderstands the compulsive force of the federal income tax laws. Section 3402(a)(1) of the Code provides that "every employer making payment of wages shall deduct and withhold upon such wages" the amount of tax determined either in accordance with the tables or computational procedures prescribed by the Secretary. 26 U.S.C. § 3402(a)(1) (1982). Connor did not have a choice in the matter, and thus his purposeful failure to file an accurate W–4 form could be viewed by the jury as an affirmative willful act to support the violation of 26 U.S.C. § 7201 comparable to the affirmative acts of evasion outlined in *Spies v. United States,* 317 U.S. at 499, 63 S.Ct. at 368.

Connor also argues that his refusal to allow any withholding from his salary, while intentional, was based on a good faith misunderstanding of the law, such as his sincere belief that wages are not income, and that such a good faith misunderstanding of the law negates a finding of willfulness. Although many of the circuits hold that a sincere and good faith misunderstanding of the law will negate willfulness, *see United States v. Jerde,* 841 F.2d 818, 822 (8th Cir.1988); *United States v. Mueller,* 778 F.2d 539, 541 (9th Cir.1985);

---

**3.** Although we do not rely on the concurrent sentence doctrine, *see United States v. American Investors of Pittsburgh, Inc.,* 879 F.2d 1087, 1100 (3d Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 368, 107 L.Ed.2d 354 (1989), we do note that whatever argument Connor has with respect to 26 U.S.C. § 7205 is inapplicable to Counts 4 and

5 because his W–4 form referred to in Count 4 and the affidavit in lieu of a W–4 form that was the basis of Count 5 were filed after the effective date of the 1984 amendment. The sentences on Counts 4 and 5 were imposed to be concurrent with those on Count 2.

*United States v. Phillips,* 775 F.2d 262, 262–63 (10th Cir.1985); *United States v. Aitken,* 755 F.2d 188, 191–93 (1st Cir.1985); *United States v. Kraeger,* 711 F.2d 6, 6 (2d Cir.1983) (per curiam); *Yarborough v. United States,* 230 F.2d 56, 60–61 (4th Cir.), *cert. denied,* 351 U.S. 969, 76 S.Ct. 1034, 100 L.Ed. 1487 (1956); *contra United States v. Cheek,* 882 F.2d 1263, 1267 (7th Cir.1989) (misunderstanding must be objectively reasonable), *cert. granted,* —— U.S. ——, 110 S.Ct. 1108, 107 L.Ed.2d 1016 (1990), this court has not yet taken a position.

This matter is before the Supreme Court in *Cheek.* We do not wait for the Court's clarification of this issue because in this case the district court did charge the jury that a good faith misunderstanding of the law, judged by a subjective standard, would negate willfulness. *See* App. at 339–42. The jury's adverse verdict signifies that Connor's arguments that he did not act willfully are without merit.

### III.

For the reasons set forth above we will affirm the judgment of conviction.