**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM DONATO and ROSA DONATO, | ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | C.A. No. N22A-10-004 SKR |
| DIRECTOR OF REVENUE, | ) ) | |
| Appellee. | ) | |

Submitted: March 29, 2023
Decided: June 22, 2023

**<u>ORDER</u>**

*Upon Consideration of an Appeal from the Tax Appeal Board:*
**AFFIRMED.**

This 22nd day of June 2023, upon consideration of the parties' briefs and submissions and the record below, it appears to the Court that:

1. *Pro se* appellants William and Rosa Donato appealled the Delaware Tax Appeal Board's (the "Board") July 22, 2022 ruling that their 2018 and 2019 wages constituted income subject to Delaware personal income tax.[1] They also appealled the Board's order that they reimburse the Division of Revenue (the "Division") in the amount of $4,430.05,

---

[1] Appellants' Notice of Appeal (Trans. ID. 68255113).

which was erroneously refunded to them in 2019.[2]  In essence, the Donatos assert that the Board erred because it failed to recognize that the income they earned in Delaware was not subject to state income tax.[3]

2. Initially, the Donatos filed their calendar year 2019 Delaware Individual Resident Income Tax Return (the "2019 Original Return") in early 2020.[4]  Through the 2019 Original Return, the Donatos: (1) reported that they collectively earned $117,636.00 in wages; (2) paid state income tax in the amount of $4,322.00; and (3) claimed a refund of $469.00.[5]  The Division refunded the $469.00 to the Donatos as requested.[6]

3. Then, on March 9, 2020, the Donatos filed an amended 2019 Delaware Individual Resident Income Tax Return (the "2019 Amended Return").[7]  Through the 2019 Amended Return, the Donatos claimed a revised refund of $4,322.00 for their 2019 wages – or, in other words, the entire amount of state income tax that they paid through the 2019

---

[2] Appellants' Op. Br. (Trans. ID. 68732422) at 1.
[3] *See generally* Appellants' Notice of Appeal (Trans. ID. 68255113).
[4] July 22, 2022 Decision and Order of the Tax Appeal Board ("Board's Decision and Order") at 2.
[5] *Id.*
[6] *Id.*
[7] *Id.*

Original Return.[8]  The Division (ostensibly in error) issued the refund to the Donatos with interest in the amount of $4,305.00.[9]

4. Also on March 9, 2020, the Donatos filed an amended *2018* Delaware Individual Resident Income Tax Return (the "2018 Amended Return").[10]  As with the 2019 Amended Return, the 2018 Amended Return claimed a refund for the total amount of income taxes paid for the 2018 calendar year.[11]

5. On December 17, 2020, the Division notified the Donatos that it was rejecting their 2018 Amended Return and revising their 2019 Amended Return to reflect that they still owed income tax for their 2019 wages.[12] After sending the notice, the Director of Revenue issued a Notice of Proposed Assessment ("NOPA") showing a balance due, inclusive of interest and penalties, in the amount of $4,835.24.[13]

6. The Donatos filed an administrative protest of the NOPA, which the Division rejected through a Notice of Determination ("NOD") on

---

[8] *Id.*
[9] *Id.* at 2-3.
[10] *Id.* at 3.
[11] *Id.*
[12] *Id.*
[13] R. on Appeal, Stipulation of Facts, Feb. 8, 2022 ("Stipulation") at ¶ 7.

August 3, 2021.[14]  Thereafter, the Donatos appealed the NOD to the Board.[15]

7.  In a Decision and Order dated July 22, 2022, the Board upheld the NOD and found the wages reported by the Donatos' employers on their W-2 Forms to be taxable income pursuant to 30 *Del. C.* §§ 1101 and 1105.[16] Accordingly, the Board ordered the Donatos to "pay Delaware income tax on all of the 2019 wages . . . [and] return the $4,430.05 refund they received . . . ."[17]  The Board issued a Final Order setting forth the Donatos' financial obligations on September 14, 2022,[18] and the Donatos appealed the Board's Decision to this Court on October 14, 2022.[19]

8.  In reviewing a decision of the Board, the Court must take due account of the experience and specialized competence of the Board, and the purposes of the basic law under which the Board has acted.[20]  The

---

[14] *Id*.
[15] *Id.*
[16] Board's Decision and Order at 4-8.
[17] *Id.* at 8.
[18] Sept. 14, 2022, Final Order of the Tax Appeal Board.
[19] *See* Notice of Appeal.  Because the Board's Decision and Order and Final Order comprise the overall determination challenged in this appeal, the Court will refer to both orders collectively as the "Decision."
[20] *Professional Staff Leasing Corp. v. Director of Revenue*, 2005 WL 2158711, at *2 (Del. Super. July 7, 2005).

Court's review is limited to a determination of whether the Board's decision was supported by substantial evidence and correct as a matter of law.[21]

9. Briefly, the Court notes that the Donatos' Opening Brief raises, for the first time, the contention that "[i]ncome tax is an excise tax arising only upon the happening of distinguished taxable events."[22] Substantively meritless as this argument may be, it is also procedurally improper.[23] When the Superior Court acts in its appellate capacity, it "will not consider issues not raised before the [administrative] tribunal."[24] Therefore, the Donatos cannot appropriately join the "excise tax" claim with the rest of their appeal, and the Court will not consider it.

10. The remainder of the Donatos' appeal amounts to a stream of consciousness complaint that the Delaware Tax Code's use of the word "federal" in "federal adjusted gross income" renders all income not derived from the federal government and related entities untaxable.[25] For example, the Donatos offer:

---

[21] *United Water Delaware, Inc. v. Public Service Com'n*, 723 A.2d 1172, 1173 (Del. 1999).

[22] Op. Br. at 2.

[23] *See Wilmington Trust Co. v. Conner*, 415 A.2d 773, 781 (Del. 1980).

[24] *Tatten Partners, L.P. v. New Castle Cnty. Bd. of Assessment Review*, 642 A.2d 1251, 1262 (Del. Super. 1993).

[25] R. on Appeal, Appellants' Basis for Appeal and Jurisdiction at 2.

. . . Under the "includes" rule the definition of employee at 3401(c) embraces any variety of federal worker-- even those not described (some of which may not even exist at the time the definition is written). All such, listed in the statutory definition or not, are within the general class defined and circumscribed by the illustrative examples that ARE listed or described. At the same time, this "indefiniteness" in the statutory definition is "calculated" in that it can't be construed to embrace workers NOT having the characteristics of members of the class which are listed and by which the class's nature is illustrated. This means that while any kind of federal worker can be deemed an "employee" (whose renumeration received as such qualifies as "wages") NON-federal workers, being unrepresented in the illustrative list provided by Congress, cannot be deemed to be such "employees", and the pay to such excluded workers cannot be deemed "wages".[26]

That continues for seventeen pages.

11. Delaware law, however, makes plain that compensation for services constitutes taxable income.[27] Title 30 *Del. C.* § 1105 states that taxable income shall be federal adjusted gross income with the modifications, and less the deductions and personal exemptions, provided in that subchapter.[28] This interpretation tracks with the federal tax code, as "[a]ny term used in [the Delaware Tax Code] should have the same meaning as when used in [the federal tax code], unless a different

---

[26] Op. Br. at 10-11 (emphasis in original).
[27] *Slater v. Director of Revenue*, 1989 WL 16957, at *1 (Del. Super. Feb. 28, 1989).
[28] 30 *Del. C.* § 1105.

meaning is clearly required."[29]  The federal tax code defines "gross income" as "all income from whatever source derived,"[30] and "adjusted gross income" as income minus certain enumerated deductions.[31]

12. In other words, it is apparent that the amounts reflected by the Donatos' employers on their W-2 Forms are taxable as gross income.[32]  Any argument to the contrary is patently frivolous.[33]

---

[29] *Id.* § 1101.

[30] 26 U.S.C. § 61.

[31] 26 U.S.C. § 62.

[32] *See Beard v. Comm'r of IRS*, 82 T.C. 766, 773 (T.C. 1984) ("There is no doubt that such amounts [reflected on the W-2 Form] are taxable as gross income.").

[33] *See United States v. Connor*, 898 F.2d 942, 943 (3d Cir. 1990) ("[W]ages are income within the meaning of the Sixteenth Amendment.  Unless subsequent Supreme Court decisions throw doubt on this conclusion, [the Court] will view arguments to the contrary as frivolous . . . .").

13. "Every court which has ever considered the issue has unequivocally rejected the argument that wages are not income."[34] The Decision of the Board is **AFFIRMED**. The Donatos are required to reimburse the Division the sum of $4,430.05 that was refunded in error pursuant to the 2019 Amended Return, as well as any applicable interest, fees, and penalties that may be assessed in accordance with Delaware law.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

Cc:   William Donato and Rosa Donato, Townsend, DE, 19743.
Anthony Testa, Jr., Esq., Rebecca Song, Esq., Deputy Attorneys General, Wilmington, DE.

---

[34] *Id.*