**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2548
_____

VITO MANENTE,
                    Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(U.S. Tax Court No. 23-1013)
Tax Court Judge: Honorable Elizabeth A. Copeland
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 2025

Before:  BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: April 9, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Vito Manente appeals pro se from the United States Tax Court's decision that he had an income tax deficiency for tax year 2018. We will affirm.

I.

Manente, a certified public accountant, and his then-wife filed a joint income tax return for tax year 2018 reporting zero wages and salaries and claiming a tax refund of almost $30,000. They attached a statement to their return averring that they received no income from their employers, but that their employers had withheld amounts for taxes. Based on information submitted by third parties, the Internal Revenue Service Commissioner determined that in 2018, Manente received approximately $116,000 in wages, and his then-wife earned about $72,000. The Commissioner also determined that the Manentes received state income tax refunds from New York and New Jersey that year. Accordingly, the Commissioner determined that there was a $23,416 income tax deficiency and mailed Manente a notice of deficiency in that amount. The Commissioner also assessed an accuracy-related penalty under 26 U.S.C. § 6662(a).[1]

Manente filed a petition with the Tax Court and challenged the Notice of Deficiency.[2] He argued that the payments that he and his then-wife received in 2018

---

[1] The Commissioner also assessed civil penalties for filing frivolous tax returns, but Manente agreed at trial that the civil penalties were not before the Tax Court, and Manente challenged those penalties in the United States District Court for the District of New Jersey in Case Number 2:22-cv-7524.

[2] Manente's ex-wife initially joined the petition but was later dismissed from the action.

2

were not taxable under the Sixteenth Amendment or as gross income, and that the Manentes were not "employees" under 26 U.S.C. § 3401(c), so they did not receive "wages."

After a trial, the Tax Court sustained some, but not all, of the Commissioner's determinations. The Court found that there was sufficient evidence to sustain the findings that the Manentes received the wage amounts reflected in the notice of deficiency, and that they received the state tax refund from New York. The Court, however, declined to sustain the Commissioner's determination that the Manentes received the New Jersey refund, and it declined to sustain the accuracy-related penalty. After considering computations from both parties, the Tax Court decided that there was a $22,742 deficiency in income tax due from Manente for the 2018 tax year, but that Manente owed no accuracy-related penalty. Manente appealed.

II.

We have jurisdiction under 26 U.S.C. § 7482(a)(1). We exercise plenary review over the Tax Court's legal conclusions, and we review the Tax Court's factual findings for clear error. PNC Bancorp, Inc. v. Comm'r, 212 F.3d 822, 827 (3d Cir. 2000). "Clear error exists only if a finding is completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 399 F.3d 248, 254 (3d Cir. 2005) (cleaned up).

Generally, the Commissioner's deficiency determination is presumed correct, and the taxpayer has the burden to rebut that presumption. Resyn Corp. v. United States, 851 F.2d 660, 662-63 (3d Cir. 1988). But in a case involving unreported income, a court cannot apply the presumption of correctness unless the Commissioner presents "some predicate evidence connecting the taxpayer to the charged activity." Anastasato v. Comm'r, 794 F.2d 884, 887 (3d Cir. 1986) (quoting Gerardo v. Comm'r, 552 F.2d 549, 554 (3d Cir. 1977)).

Here, the Tax Court properly applied the presumption of correctness to the determinations regarding the Manentes' wages and the New York refund based on Manente's trial admissions. The Court found that, in response to questioning at trial, Manente agreed that in 2018, he and his ex-wife received money in the amounts listed in the deficiency notice from their employers and from New York. Contrary to Manente's assertion on appeal, sufficient record evidence supports the Tax Court's factual findings.

Manente additionally argues that the Tax Court erred by determining that the compensation he and his ex-wife received from their employers in 2018 was subject to taxation.[3] He asserts that the Commissioner failed to establish that the monies were "wages." He points to 26 U.S.C. § 3401(a), which defines "wages" in relevant part as "all remuneration . . . for services performed by an employee for his employer." He then

_____

[3] Manente does not dispute on appeal that the New York refund was taxable income. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that generally, litigants forfeit claims that they fail to develop in their opening brief).

claims that he and his ex-wife were not "employees" under § 3401(c) because they did not work for the government. We reject Manente's narrow interpretation of an "employee" under § 3401(c). That statute provides that the term "employee" includes government officers and employees, not that the term "employee" is limited to government officers and employees. See 26 U.S.C. § 3401(c); see also United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985).

Next, Manente argues that the Commissioner's income tax assessment was unconstitutional because it was not apportioned. He claims that "all direct taxes are subject to apportionment." But under the Sixteenth Amendment, Congress has power to tax income without apportionment. See U.S. Const. amend. XVI; see also Pledger v. Comm'r, 641 F.2d 287, 290 (5th Cir. 1981) (noting "that the Sixteenth Amendment did not limit or expand the power of Congress to tax under Article 1, Section 8 of the Constitution"); Lovell v. United States, 755 F.2d 517, 519 (7th Cir. 1984) (per curiam) (explaining that the Constitution does not prohibit imposition of a direct tax without apportionment).

Finally, we reject Manente's argument that his wages were not taxable income, and that the Commissioner could only tax the "gain" or "profit" derived from his compensation. Congress can tax income "from whatever source derived." U.S. Const. amend. XVI. Gross income includes "[c]ompensation for services." 26 U.S.C.

§ 61(a)(1).  Courts have consistently rejected the argument that wages are not income.

<u>United States v. Connor</u>, 898 F.2d 942, 943-44 (3d Cir. 1990).

Accordingly, we will affirm the Tax Court's decision.  To the extent that Manente seeks other relief on appeal, it is denied.