**UNITED STATES of America,
Plaintiff–Appellant,**

**v.**

**James J. KASSOUF, Defendant–Appellee.**

**No. 96–4381.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 29, 1998.

Decided May 21, 1998.

John M. Siegel (argued and briefed), Office of U.S. Attorney, Cleveland, OH, for Plaintiff–Appellant.

Richard L. Stoper, Jr. (argued and briefed), Robert J. Rotatori (briefed), Gold, Rotatori, Schwartz & Gibbons, Cleveland, OH, for Defendant–Appellee.

Before: JONES, DAUGHTREY, and COLE, Circuit Judges.

JONES, J., delivered the opinion of the court, in which COLE, J., joined. DAUGHTREY, J. (pp. 960–961), delivered a separate opinion concurring in part and dissenting in part.

## OPINION

NATHANIEL R. JONES, Circuit Judge.

The government appeals the district court's judgment dismissing one count of obstruction of the tax laws in violation of 26 U.S.C. § 7212(a), for failure to allege an offense. The district court found that the statute required the government to allege as elements of the offense, that the defendant, James J. Kassouf, obstructed or impeded a pending IRS investigation or proceeding of which he was aware. For the following reasons, we **AFFIRM**.

1. Count 26 provides in pertinent part that from approximately April 1987 through approximately October 1991, Kassouf corruptly endeavored to obstruct and impede the due administration of the internal revenue laws by forming and controlling three real estate limited partnerships and:

   5 ....used his controlled partnerships and corporate general partners and bank accounts set up in the names of those entities to conduct transactions in the manner and means described below in order to:
   a. obtain the personal use and benefit of the funds and property of his controlled partnerships without maintaining records necessary to reflect the tax consequences of his obtaining the use and benefit of the funds and property;
   b. use the partnership and corporate general partners and bank accounts to conceal income earned from other sources; and
   c. impede and obstruct the ability of the Internal Revenue Service to be able to audit and determine the tax consequences of the transactions.
   MANNER AND MEANS
   The manners and means by which the defendant corruptly endeavored to obstruct and im-

## I. FACTS

On May 8, 1995, a grand jury indicted defendant James J. Kassouf in a twenty-six count indictment charging him with four counts of attempting to evade personal income taxes in violation of 26 U.S.C. § 7201 (Counts 1–4), twenty-one counts of making false personal, corporate, and partnership tax returns in violation of 26 U.S.C. § 7206(1) (Counts 5–25), and one count of corruptly endeavoring to obstruct and impede the due administration of tax laws, in violation of 26 U.S.C. § 7212(a) (Count 26).

Count 26 of the indictment alleges generally that Kassouf used his partnerships and controlled corporate general partners in order to conduct transactions for his substantial personal benefit, without keeping records necessary to determine the tax consequences of those transactions. Six paragraphs of the count refer specifically to Kassouf's failure to maintain partnership books and records. The count also alleges that Kassouf made it more difficult to discover and trace his activities by transferring funds between bank accounts before making expenditures, and affirmatively misled the IRS by filing tax returns which failed to disclose the transactions, the bank accounts and other assets, and the interest earned on those accounts.[1]

pede the due administration of the internal revenue laws are as follows:
6. The defendant failed to maintain or cause to be maintained partnership books and records for Prime Properties, Limited Partnership, 1200 West 9th Street Limited Partnership, American Prime Properties, Inc., and 1476 Davenport Corporation.
7. The defendant caused books and records to be maintained for 1476 Davenport Limited Partnership during the period in which Parkview Federal Service Corporation was a partner, but then failed to maintain or cause to be maintained such records starting a number of months after that corporation's partnership interest ceased..
8. The defendant caused Prime Properties Limited Partnership and 1476 Davenport Limited Partnership to borrow substantial funds in excess of the amounts needed by the partnership and obtained the personal use and benefit of the funds which he concealed as follows:
   a. The defendant caused substantial portions of the funds to be deposited to bank accounts and used as described in paragraph 9, below.
   b. The defendant failed to maintain or cause to be maintained any books and records reflecting the existence and disposition

On June 15, 1995, Kassouf filed a motion for a bill of particulars regarding the counts in the indictment, including Count 26. With regard to Count 26, Kassouf requested information specifying the corrupt acts or omissions allegedly committed by him, the factual basis for the allegations that he failed to maintain or caused a failure to maintain books and records, and identification of pertinent persons or entities that were legally required to maintain records. J.A. at 211–215. He also requested a listing of all records which were maintained or should have been maintained, dates and amounts of borrowing, descriptions of assets, deposits and disbursements. *Id.* For the most part, the government refused these requests, noting at one point that the allegations never provided that Kassouf was in fact legally required to maintain certain books or records.

On May 16, 1996, Kassouf filed a motion to dismiss Counts 13 and 26 as barred by the statute of limitations. He filed an additional motion to dismiss Count 26 on that same date, challenging the sufficiency of the allegations and the constitutionality of the omnibus clause of § 7212(a) as applied to those allegations. Specifically, Kassouf asserted: (1) that Count 26 failed to allege facts constituting a violation of § 7212(a); (2) that § 7212(a) was unconstitutionally vague and overbroad as applied to the alleged conduct; and (3) that the government improperly construed the statute to apply to lawful conduct that makes the IRS's job harder, such as failure to maintain records. On September 25, 1996, the district court denied Kassouf's motion to dismiss Counts 13 and 26 on the basis of the statute of limitations.

On November 19, 1996, the district court granted Kassouf's motion to dismiss Count 26, finding that the count did not state an offense because it did not allege, as elements of the offense, that there was a pending proceeding or investigation by the IRS of which the defendant was aware. The court did not address the other contentions made in Kassouf's motion to dismiss. On January 8, 1997, the district court denied Kassouf's motion for a bill of particulars relating to Count 26 on the ground that the dismissal of Count 26 rendered such a request moot.

of the funds borrowed by Prime Properties Limited Partnership or to disclose the existence and disposition of the loans and loan proceeds on the partnership's tax returns.

c. The defendant failed to maintain or cause to be maintained any books and records reflecting the disposition of the funds borrowed by 1476 Davenport Limited Partnership or to accurately report the disposition on the partnership's tax returns.

9. The defendant used and caused to be used bank accounts in the names of Prime Properties Limited Partnership and 1476 Davenport Limited Partnership and their corporate general partners for making unreported disbursements of certain partnership funds and for other personal uses:

a. The defendant deposited and caused to be deposited certain funds from partnership loans, partnership income, and from other sources into these accounts . . . for the benefit of himself personally and other uses, and maintained no books and records or other accounting of the disbursement and disposition of the funds.

b. The defendant transferred and caused to be transferred funds between accounts on occasion before making expenditures for his personal benefit.

c. The defendant failed to report or cause to be reported substantial amounts of interest earned on the bank accounts on any tax returns and caused other amounts of the interest to be improperly reported on the income tax returns of his controlled corporation, Metropolitan Properties, Inc.

d. Some of the funds disbursed from the partnership accounts for personal use were deposited to an account of 1200 West 9th Street limited Partnership or otherwise spent for the development costs of that partnership.

10. The defendant caused property constituting part of the proceeds of a sale of property by 1200 West 9th Street Limited Partnership to be transferred to Prime Properties Limited Partnership, without making or causing to be made any record of that sale or transfer on any books and records or the tax returns of either partnership.

11. The defendant caused tax returns to be filed for the controlled partnerships and corporate general partners which:

b. failed to disclose substantial monies and other property deposited or transferred to the partnerships and corporate general partners,

c. failed to disclose substantial assets held by the partnerships and corporate general partners on the tax return balance sheets, and

d. failed to disclose the substantial funds withdrawn or transferred from the partnerships and corporate general partners.

In violation of Title 26, Section 7212(a), United States Code. J.A. at 44–50.

The government then filed this timely appeal from the district court's judgment dismissing Count 26.

## II. DISCUSSION

### A. Section 7212(a) Elements

■ The primary issues on appeal involve statutory interpretation and construction which are questions of law subject to *de novo* review by this court. *See United States v. Khalife,* 106 F.3d 1300, 1302 (6th Cir.1997); *United States v. Spinelle,* 41 F.3d 1056, 1057 (6th Cir.1994).

■ On appeal, the government argues that the district court erroneously interpreted 26 U.S.C. § 7212(a) to apply only to conduct intended to obstruct a pending IRS proceeding or investigation. The government argues that the correct interpretation is that the omnibus clause of § 7212(a) broadly prohibits all corrupt efforts to impede the administration of the tax laws, including schemes to disguise and conceal current financial transactions in order to evade tax obligations and prevent IRS detection and scrutiny. Kassouf asserts, on the other hand, that the district court did not err because the plain meaning of the statute imposes liability for obstruction of the "due administration" of the title and does not cover actions where no proceeding or investigation was pending. Kassouf points out that the conduct alleged to be obstructive, occurred when there was no IRS audit, investigation or proceeding. He notes that nò IRS agent approached him, was intimidated, threatened or bribed, and that it cannot be sufficient to impose criminal liability upon mere allegations that the IRS's job was made harder.

In order to resolve this question, while we start with the plain meaning of the statute, this court must also weigh the IRS's duty to see that the tax laws are faithfully executed and administered (and their ability to quickly and inexpensively do so) with the policy of ensuring that criminal laws are strictly construed so as to give proper notice of the unlawfulness of the activity and the reach of the statute. On the one hand, courts should not limit a statute in such a way that prevents its purpose, but on the other hand, courts should be mindful not to criminalize activity that is not specifically proscribed by statute, however annoying it may be.

■ We thus begin with the plain language of the statute itself,*Bread Political Action Committee v. FEC,* 455 U.S. 577, 580, 102 S.Ct. 1235, 71 L.Ed.2d 432 (1982); *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980); *United States v. Caldwell,* 49 F.3d 251, 251 (6th Cir.1995), and absent an ambiguity interpret it according to that language unless there is evidence of Congress's contrary intent. *United States v. Apfelbaum,* 445 U.S. 115, 121, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980); *Nixon v. Kent County,* 76 F.3d 1381, 1386 (6th Cir.1996).

Section 7212(a) provides in pertinent part that:

> Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title shall ... [be guilty of an offense].

26 U.S.C. 7212(a). The first clause is aimed at specific threats against an officer or employee acting in an official capacity, and the second clause is known as the "omnibus clause" which is a "catch-all" clause aimed at other activities which may obstruct or impede the due administration of the title. *See United States v. Williams,* 644 F.2d 696, 699 (8th Cir.1981). Kassouf is only charged with a violation of the omnibus clause.

This court has never had the opportunity to interpret the omnibus clause of § 7212(a). Indeed no circuit courts have directly confronted the issue before us today—whether the omnibus clause of § 7212(a) requires a pending IRS proceeding or investigation of which the defendant was aware. Some courts have applied the clause to cases in which there was no pending investigation or proceeding, without being directly confronted with or deciding the precise issue here. *See, e.g., United States v. Hanson,* 2 F.3d 942,

946–47 (9th Cir.1993) (affirming conviction under § 7212(a)'s omnibus clause where defendant submitted false 1099 and 1096 forms to the IRS showing fictitious payments to Farmers Home Administration officials and filed a false personal tax return claiming a fraudulent tax refund); *United States v. Mitchell,* 985 F.2d 1275, 1276–79 (4th Cir. 1993) (finding defendant properly charged under § 7212(a) where conduct alleged involved improper filing of tax exempt status and inducement of customers to file false returns claiming cost of his services as tax-deductible contributions); *United States v. Kuball,* 976 F.2d 529, 531 (9th Cir.1992) (affirming § 7212(a) conviction where defendant filed false 1096 and 1099 forms claiming substantial payments to individuals and had filed a false 1040 form claiming a refund that was not due); *United States v. Popkin,* 943 F.2d 1535, 1540–41 (11th Cir.1991) (affirming a § 7212(a) conviction based on a defendant-attorney's conduct in advising and assisting a client to set up a corporation to disguise and report proceeds from drug transactions); *Williams,* 644 F.2d at 701 (holding that conduct of assisting the preparation and filing of false W–4 forms constituted endeavor to corruptly impede or obstruct the due administration of the Revenue Code); *United States v. Toliver,* 972 F.Supp. 1030, 1034–35 (W.D.Va.1997). Only one other federal court besides the district court below has directly addressed the issue. *See United States v. Armstrong,* 974 F.Supp. 528, 536–37 (E.D.Va. 1997) (finding that there was no requirement of a pending government action under the Internal Revenue Code to impose liability under § 7212(a)). While these cases may provide some support for a reading of the statute that reaches conduct committed before a defendant was aware of a pending IRS action under the Internal Revenue Code, we decline to extend their holdings to reach the conduct involved in this case. All of the circuit court decisions noted above were decided well before the Supreme Court's decision in *United States v. Aguilar,* 515 U.S. 593, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995), imposing the "nexus" requirement to the obstruction of justice statute, 18 U.S.C. § 1503, and supporting a more strict reading of obstruction statutes generally. *See id.* at 600, 115 S.Ct. 2357.

With that in mind, we note that § 7212 clearly prohibits activities which corruptly obstruct or impede *the due administration* of Title 26. As the government argues, Title 26 does encompass a vast range of activities of the Internal Revenue Code including: mailing out internal revenue forms; answering taxpayers' inquiries; receiving, processing, recording and maintaining tax returns, payments and other taxpayers submissions; as well as monitoring taxpayers' compliance with their obligations.

Courts when confronted with the similar obstruction statute of 18 U.S.C. § 1503, with almost identical language, however, have limited liability to activities that interfere with pending proceedings. Section 1503 has uniformly been interpreted as requiring a pending judicial proceeding. *See, e.g., United States v. Mullins,* 22 F.3d 1365, 1369 (6th Cir.1994) ("In order to convict someone of violating § 1503, the government must prove that there was a judicial proceeding underway that the defendant's actions were intended to obstruct."); *United States v. Bashaw,* 982 F.2d 168, 170 (6th Cir.1992) ("Because section 1503 is intended to 'protect the administration of justice in federal court and those participating therein,' due administration of justice has been interpreted as extending only to pending judicial proceedings" and "[t]he defendant must have knowledge that a proceeding is pending.") (citations omitted); *United States v. Howard,* 569 F.2d 1331, 1337 (5th Cir.1978); *see also Pettibone v. United States,* 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419 (1893). The omnibus clause of that section provides in pertinent part that whoever:

> corruptly or by threats or force or by any threatening letter or communications, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b).

18 U.S.C. § 1503.

The language "due administration of justice" could have been, but was not, construed even more broadly than the language in § 7212(a). The administration of justice could conceivably have been interpreted to encompass a wide array of activities includ-

ing filing of false police reports, interfering with police investigations, or destroying evidence before a formal proceeding was underway. The Supreme Court, however, soundly rejected such a broad pronouncement, limiting the reach of the statute not only to pending proceedings, but also to actions which had a nexus between the act and the judicial proceedings such that "the act must have a relationship in time, causation, or logic with the judicial proceedings." *United States v. Aguilar,* 515 U.S. at 599, 115 S.Ct. 2357. The Court specifically found that conduct such as "uttering false statements to an investigating agent ... who might or might not testify before a grand jury [was][in]sufficient to make out a violation of the catchall provision of § 1503." *Id.* at 600, 115 S.Ct. 2357. We find the Court's interpretation of nearly identical language in § 1503 instructive.

Moreover, although courts have noted § 7212(a)'s broad applicability, limiting the section to pending IRS actions would still allow for any number of activities to come within the reach of the section. Section 1503 also has been found to be aimed at a wide range of conduct, but nonetheless restricted in a similar way. *See United States v. Martin,* 747 F.2d 1404, 1409 (11th Cir.1984) (noting that the "obstruction of justice statute was drafted with an eye to the variety of corrupt methods by which the proper administration of justice may be impeded or thwarted, a variety limited only by the imagination of the criminally inclined.") (quoting *United States v. Griffin,* 589 F.2d 200, 206–07 (5th Cir.1979) (internal citation and quotation marks omitted). Nor do we find the Fifth Circuit's statement in *United States v. Reeves,* 752 F.2d 995 (5th Cir.1985), indicating that § 7212(a) applies in much broader circumstances than § 1503 conclusive. A number of courts, including the Fifth Circuit have looked to § 1503 and the similar obstruction of justice statute in § 1505, to interpret the language in § 7212(a). *See, e.g., Williams,* 644 F.2d at 699 n. 11 (noting that "the language and structure of § 7212 track part of certain federal obstruction of justice statutes, specifically 18 U.S.C. §§ 1503 and 1505," and applying case law interpreting § 1503); *Martin,* 747 F.2d at 1409 (consider-

ing case law under §§ 1503 and 1505 in interpreting language in § 7212); *United States v. Dykstra,* 991 F.2d 450, 454 (8th Cir.1993) (noting that "[i]n interpreting § 7212(a), courts have often resorted to the obstruction of justice provision of Title 18"). Thus, looking to the analogous obstruction of justice statute, we conclude that due administration of the Title requires some pending IRS action of which the defendant was aware.[2]

Here, were we to permit the allegations in Count 26 to stand, we would be imposing liability for conduct with even less of a causal connection than that rejected by the Supreme Court in *Aguilar.* We would be permitting the IRS to impose liability for conduct which was legal (such as failure to maintain records) and occurred long before an IRS audit, or even a tax return was filed. The speculative nature of this "obstructive" conduct is readily apparent, and we agree with the district court that the statute cannot be construed to prohibit it. Because Title 26 encompasses such routine actions as even the government points out, imposing liability for actions committed before a person knew of an investigation or proceeding, would open them up to a host of potential liability of conduct that is not specifically proscribed.

Moreover, it is a well settled canon of statutory construction that courts will presume that Congress knew of the prevailing law when it enacted the statute. *See International Union, Local 737 v. Auto Glass Employees Federal Credit Union,* 72 F.3d 1243, 1248 (6th Cir.1996); *see also United States v. Jordan,* 915 F.2d 622, 628 (11th Cir.1990) ("Under accepted rules of statutory construction, it is generally presumed that Congress, in drafting legislation, is aware of well established judicial constructions of other pertinent existing statutes.") (citing *Goodyear Atomic Corp. v. Miller,* 486 U.S. 174, 108 S.Ct. 1704, 100 L.Ed.2d 158 (1988)); *Hill v. Chemical Bank,* 799 F.Supp. 948, 952 (D.Minn.1992) ("Congress is presumed to be aware of judicial interpretations of statutory language when it intentionally incorporates the language of one statute into another statute."). Section 1503 was enacted long before

---

**2.** This may include, but is not limited to, subpoe- nas, audits or criminal tax investigations.

§ 7212, and the similar language used in that statute had been consistently construed to require a pending judicial proceeding. Accordingly, we may presume that Congress intended to restrict the statute in the same way that § 1503 had been judicially interpreted.

In construing § 7212(a) to require a pending IRS action under the code of which the defendant is aware, we are also mindful that courts should interpret statutes that impose criminal liability narrowly to ensure proper notice to the accused. *See Aguilar,* 515 U.S. at 600, 115 S.Ct. 2357 (noting that courts traditionally exercise restraint in assessing the reach of a federal criminal statute "out of concern that 'a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed.'") (citation omitted); *see also Federal Maritime Comm'n v. Seatrain Lines, Inc.,* 411 U.S. 726, 733–34, 93 S.Ct. 1773, 36 L.Ed.2d 620 (1973); *United States v. Salisbury,* 983 F.2d 1369, 1378 (6th Cir.1993) (noting that statutes must be specific enough to give reasonable and fair notice to warn people to avoid conduct with criminal consequences). In this day, when Congress is attempting to curb the reach of the IRS into the homes of taxpayers, we cannot construe a penal law such as § 7212(a) to permit such an invasion into the activities of lawabiding citizens. As the district court noted, out of the hundreds of people who file taxes every day, there is no guarantee that a particular tax return will be audited. Therefore, it would be highly speculative to find conduct such as the destruction of records, which might or might not be needed, in an audit which might or might not ever occur, is sufficient to make out an omnibus clause violation. *Cf. Aguilar,* 515 U.S. at 600, 115 S.Ct. 2357. Were the court to find otherwise, we would be opening the statute to legitimate charges of overbreadth and vagueness, particularly where the statute may impose liability for otherwise lawful conduct. Kassouf may have had no idea that conduct such as the failing to maintain records (before his tax returns were ever filed) might obstruct IRS action because he had no specific knowledge that the IRS would ever investigate his activities. If upon hearing that the IRS was conducting an audit of his returns, however, Kassouf had begun destroying records and funneling money through various accounts to prevent detection of his illegal activities, § 7212(a) would clearly apply.

Finally, the government argues that the more analogous statute to § 7212 is 18 U.S.C. § 371, known as "Klein conspiracy." That section provides in pertinent part that "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the conspiracy . . ." they are liable. 18 U.S.C. § 371. The government notes that the standard charging language for indictments under the act is that the defendants conspired "to defraud the United States of America by . . . impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service of the Treasury Department . . . in the ascertainment, computation, assessment, and collection of income." *See, e.g., United States v. Sturman,* 951 F.2d 1466, 1472 (6th Cir.1991); *see also United States v. Klein,* 247 F.2d 908, 915 (2d Cir.1957). The government further argues that such prosecutions often involve efforts to prevent the IRS from discovering income and tax liabilities, without any requirement of a pending proceeding. *See, e.g., United States v. Mohney,* 949 F.2d 899 (6th Cir.1991).

The government's argument based on an analogy to § 371 is unpersuasive. First, the government itself concedes that the language used in the standard indictments ("lawful functions of the Internal Revenue Service") is not identical to the phrase "due administration of this title." More important, however, is that the actual statute from which the charges are derived, is wholly inapposite to § 7212 because it uses the very broad terms "to defraud the United States, or any agency thereof in any manner or any purpose[.]" 18 U.S.C. § 371. Accordingly, we **AFFIRM** the district court's dismissal of Count 26 for failure to allege an offense.

### B. Alternate Grounds

██ We reject the two alternative grounds Kassouf posits as a basis for affirming the district court's judgment. First, Kassouf argues that, in the alternative, the district court's judgment could be affirmed because the statute is unconstitutionally vague, overbroad and ambiguous, and failed to provide adequate notice of the conduct proscribed. We believe our construction of the statute in such a way as to require pending government action under the Internal Revenue Code of which the defendant was aware, easily disposes of any argument on that basis.

██ Kassouf's final argument is that even if the statute has been properly construed and applied by the government in this case, the dismissal should be affirmed because the count is barred by a three year limitation period. The district court below found that a six year statute of limitations applied. Kassouf argues to the contrary, that the general three year statute of limitations in 26 U.S.C. § 6531 applies, rather than the more specific six year statute of limitations. The statute of limitations governing this offense is contained in 26 U.S.C. § 6531 and provides that: "No person shall be prosecuted, tried or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offenses, *except that the period of limitation shall be 6 years . . . ."* 26 U.S.C. § 6531. The statute then lists various sections of the Internal Revenue Code which fall within that 6 year exception including:

(5) for the offenses described in sections 7206(1) and 7207 (relating to false statements and fraudulent documents); and

(6) for the offense described in section 7212(a) (relating to intimidation of officers and employees of the United States).

26 U.S.C. §§ 6531(5) and (6).

Kassouf contends that § 6531(6) applies only to the "intimidation clause" of § 7212(a), and that prosecutions under the "omnibus clause" are time-barred by the general three-year limitation period because the parenthetical to § 6531(6) only referred to the intimidation of officers and employees, and not to the general omnibus clause. Thus, Kassouf asserts that the parenthetical was intended by Congress as a limiting clause and not as a clause descriptive of the offenses prohibited by § 7212(a). As a result, he contends that Count 26 must be dismissed because it covers conduct from April 1987 through October 1991, and the indictment was not filed until May 8, 1995. We disagree with Kassouf's construction of the parenthetical in § 6531(6).

There is nothing to indicate that Congress intended the parenthetical to be limiting rather than merely descriptive of § 7212(a). Similar parentheticals in other statutes have also been found to be descriptive rather than limiting. *See, e.g., United States v. Garner,* 837 F.2d 1404, 1419 (7th Cir.1987) (finding parenthetical in 18 U.S.C. § 1961 intended to aid description of statute incorporated by it and not limiting in nature); *United States v. Herring,* 602 F.2d 1220, 1223 (5th Cir.1979) (same). Moreover, the Ninth Circuit in *United States v. Workinger,* 90 F.3d 1409 (9th Cir.1996), considered the identical argument made by Kassouf and soundly rejected it, noting that "it would be most peculiar if the parenthetical language in § 6531(6) were meant to restrict that section to the intimidation portion of § 7212(a)" because all of the other exceptions to which the six year limitations applies deal with the obtaining of improper benefits or advantages through the use of fraud or corruption, and "[i]f § 6531(6) only covered actual intimidation, Congress would have jumped beyond those concepts and solely focused upon crimes of violence and force" rather than corruption. *Id.* at 1414. We agree. It would be anomalous for Congress to impose the six year limitations only on the intimidation clause of § 7212(a) and ignore the clause dealing with corrupt methods, where all of the other sections of Title 26 that have a six year statute of limitations also deal with fraud and corruption. Furthermore, numerous other courts have also expressly applied the six year statute of limitations to the omnibus clause of § 7212(a). *See United States v. Wilson,* 118 F.3d 228, 236 (4th Cir.1997) (noting that the applicable statute of limitations for § 7212 was six years and applying it to omnibus clause violation); *United States v. Swanson,* 112 F.3d 512, 1997 WL 225446, at *2 (4th Cir.1997) (finding parenthetical in § 6531(6) to be merely descriptive of entire 7212(a) and

therefore not limited to intimidation clause of that section); *United States v. Brennick*, 908 F.Supp. 1004, 1017–18 (D.Mass.1995); *United States v. Sarcia*, No. 97 CR 262, 1997 WL 458426, at *1 (N.D.Ill. Aug. 4, 1997) (adopting *Workinger* and holding that parenthetical language in § 6531(6) is descriptive rather than limiting, and holding that the statute of limitations for § 7212(a) in its entirety is six years). We conclude similarly, that the parenthetical in 6531(6) is descriptive rather than limiting and that the six year statute of limitation applies to violations of the omnibus clause of § 7212(a).

## III.

For the foregoing reasons, we **AFFIRM** the district court's decision dismissing Count 26 because it fails to allege, as elements of the offense, that there were pending IRS actions of which Kassouf was aware.

DAUGHTREY, Circuit Judge, concurring and dissenting.

I concur in the majority's conclusions that the provisions of 26 U.S.C. § 7212(a) are not unconstitutionally vague and that 26 U.S.C. § 6531(6)'s six-year statute of limitations period applies to prosecutions brought pursuant to § 7212(a). I respectfully dissent, however, from this court's determination that a defendant cannot be found guilty of violating 26 U.S.C. § 7212(a) without knowingly obstructing or impeding a pending or ongoing Internal Revenue Service *investigation* or *proceeding*.

In reaching its conclusion on the breadth of § 7212(a)'s proscriptions, the majority analogizes the language of that statutory provision to the language of 18 U.S.C. § 1503, the general obstruction of justice statute. Because the language of the two provisions is somewhat similar, and because the federal courts have ruled that 18 U.S.C. § 1503's prohibition on obstructions of the "due administration of justice" requires that a judicial proceeding be ongoing or pending, the majority holds that the Internal Revenue Service must also have proceedings ongoing in order to suffer obstruction of "the due administration of [Title 26]."

As noted by the majority, however, courts must presume that Congress knew of the prevailing law when it enacted a statute. *International Union, United Auto. Workers, Local 737 v. Auto Glass Employees Fed. Credit Union*, 72 F.3d 1243, 1248 (6th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 63, 136 L.Ed.2d 24 (1996). Section 1503 was in effect long before § 7212(a) and the "due administration of justice" wording of § 1503 has consistently been construed to require affected judicial proceedings. It is only logical, therefore, to conclude that if Congress wished 26 U.S.C. § 7212(a) to be interpreted in an identical fashion, identical language would have been inserted into that statute. In its wisdom, our nation's legislative body chose, however, to distinguish the requirements of the statutes by use of broader language in § 7212(a). Pursuant to those provisions, it is not only the administration of "justice" that is protected from undue obstruction, but the very administration of the myriad duties performed under the Title.

The majority unnecessarily sounds the alarm that such a reading of the plain language of the statute will result in criminal prosecutions of individuals who may, for example, innocently dispose of old tax returns and records later requested by the Internal Revenue Service for audit purposes. In light of recent revelations of abuses perpetrated by employees of the Internal Revenue Service, such concern is understandable. The comforting fact remains, however, that the statute itself still requires that any obstruction of the due administration of Title 26 be accomplished by means of *corruption, force,* or *threats of force.* If the courts of our land remain vigilant and scrupulously require government prosecutors to toe the well-defined line drawn by Congress in this legislation, I am confident the majority's fears will be allayed.

Although no federal court of appeals appears to have addressed directly the precise issue now before us, every sister circuit that has examined the reach of 26 U.S.C. § 7212(a) has accepted the principle that the provisions of that subsection do not require the government to prove the existence of an ongoing or pending tax investigation or pro-

ceeding. *See United States v. Winchell*, 129 F.3d 1093 (10th Cir.1997); *United States v. Hanson*, 2 F.3d 942 (9th Cir.1993); *United States v. Mitchell*, 985 F.2d 1275 (4th Cir. 1993); *United States v. Kuball*, 976 F.2d 529 (9th Cir.1992); *United States v. Popkin*, 943 F.2d 1535 (11th Cir.1991); *United States v. Reeves*, 752 F.2d 995 (5th Cir.1985); *United States v. Williams*, 644 F.2d 696 (8th Cir. 1981). I see no reason for us now to rush into the breach to create an analytical split on this question. I would REVERSE the district court's dismissal of Count 26 of the indictment and REMAND this matter for further proceedings as necessary.