**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David N. BOWMAN, Defendant–Appellant.**

**No. 98–3096.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 15, 1998.

Decided May 5, 1999.

Robert E. Lindsay (briefed), Alan Hechtkopf (briefed), Frank P. Cihlar (argued and briefed), U.S. Department of Justice, Appellate Section Tax Division, Washington, DC, for Plaintiff–Appellee.

Paul Croushore, Cincinnati, OH, George C. Ford (argued and briefed), Norwalk, OH, for Defendant–Appellant.

Before: SILER and BATCHELDER, Circuit Judges; HOOD, District Judge.*

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

HOOD, District Judge.

Defendant–Appellant David N. Bowman appeals his August 2, 1996 conviction of one count of corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue laws in violation of 26 U.S.C. § 7212(a), one count of filing false documents with the Internal Revenue Service in violation of 26 U.S.C. § 7206(1), and six counts of willfully failing to file income tax returns during the years 1989 through 1994 in violation of 26 U.S.C. § 7203. Bowman was sentenced to 33 months incarceration, a one-year period of supervised release, and a special assessment of $250.00. Bowman asks the Court to consider four issues. However, only two of these issues warrant extended discussion.

The initial issue is whether the government's attorney lacked the delegated authority to prosecute Count 1. The final issue is whether this Court's ruling in *United States v. Kassouf,* 144 F.3d 952 (6th Cir.1998), requires vacation of the conviction under Count 1.

## BACKGROUND

Bowman's illegal activity began in 1989 when he failed to file his federal income tax return. This pattern of willful failure to file continued every year through 1994. The two felonies of which he was convicted flow from transmitting false 1099 tax forms to a number of mid-Ohio residents. Bowman embarked on this filing scheme after he failed at several attempts to settle his debts that arose from bad business decisions. Various financial institutions and individuals to whom Bowman owed money brought civil actions against him, some seeking foreclosure on collateral and others seeking judgments on unpaid notes. Several default judgments were awarded against Bowman as a result.

Bowman then instituted common law suits against these parties, claiming that they had violated Bowman's individual civil rights. Bowman would identify sections from Title 18 of the United States Code that pertained to these civil rights and totaled the fines which theoretically could be assessed against those institutions and individuals. Bowman would next send an IRS Form W–9, demanding the party's tax identification number, and later a "bill" for the fines Bowman alleged he was owed. A total of fifty-nine institutions and individuals received these forms. For obvious reasons, these "bills" were never paid. Bowman would then submit a so-called bill of forgiveness, asserting that the debt had been forgiven and thus had become compensation to the financial institutions and individuals. Bowman would then prepare the 1099 forms and file them with the IRS. All of the aforementioned activity took place between November 1989 and January 1990.

On or about January 31, 1990, Bowman filed an IRS form 1096 which summarized the information contained in the 1099 forms sent to the fifty-nine financial institutions and individuals. Copies of the 1099 forms were also sent to the Internal Revenue Service. It was the transmittal of this 1096 form, executed under penalty of perjury, which served as the factual predicate for Count 2 of Bowman's indictment.

After consulting an attorney, Bowman filed a request with the IRS to rescind the previously filed 1099 and 1096 forms, and to correct all records pertaining to said forms so that they may reflect the fact that the fifty-nine parties had received no compensation whatsoever from Bowman.

Bowman now appears before this Court seeking relief from his conviction under Count 1 and the calculation of his sentence by the district court. As previously noted, only Bowman's arguments regarding the

Count 1 conviction deserve extended discussion.

## ANALYSIS

### I. Prosecutorial authority

Bowman's first issue on appeal is whether the prosecutor in his criminal case was properly delegated the authority to try Bowman on Count 1 of the indictment. This issue was presented to the district court in a motion to dismiss filed sixteen months after his August 2, 1996 conviction. Said motion was denied by the district court. This Court reviews a denial of a motion to dismiss *de novo*, as it is a purely legal question. *See Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997).

Mr. Dana J. Boente was the officer of the Department of Justice, Tax Division, who was appointed by the Assistant Attorney General, Tax Division, to try Bowman's case.[1] 28 U.S.C. 515(a) states the following:

> The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

The heart of Bowman's argument lies in whether Mr. Boente has the authority to prosecute under the omnibus clause of 26 U.S.C. § 7212(a). Bowman relies on 28 C.F.R. § 0.70(b) which provides a list of specific criminal proceedings which may not be handled by the Assistant Attorney General, Tax Division. Specifically, 28

---

1. Both the government and Bowman agree that Mr. Boente had the authority to prosecute Counts 2 through 8.

C.F.R. § 0.70 does not permit the Assistant Attorney General, Tax Division, to prosecute, among other things, "corrupt or forcible interference with an officer or employee acting under the Internal Revenue laws." This quoted language refers to a portion of 26 U.S.C. § 7212(a), the statute under which Bowman was prosecuted in Count 1.

■ The government contends, and this Court agrees, that Mr. Boente did have the delegated power to prosecute Bowman under Count 1. Bowman was accused of violating the omnibus clause of 26 U.S.C. § 7212(a), which reads in relevant part that an individual may be prosecuted if he or she "obstructs or impedes, or endeavors to obstruct or impede, the due administration" of the internal revenue laws. It appears to this Court that Bowman misapprehends the meaning of the exception found in 28 C.F.R. § 0.70.

By its terms, 26 U.S.C. § 7212(a) reaches two different kinds of offenses. The first clause is aimed at endeavors to intimidate or impede an officer or employee of the United States, corruptly or by force of threat. *See United States v. Mitchell,* 985 F.2d 1275, 1277–78 (4th Cir.1993). The omnibus clause which follows is a " 'catchall' clause aimed at other activities which may obstruct or impede the due administration" of Title 26. *United States v. Kassouf,* 144 F.3d 952, 955 (6th Cir.1998); *see United States v. Williams,* 644 F.2d 696, 699 (8th Cir.1981). This omnibus clause greatly expanded the reach of § 7212(a) in that grounds for prosecution are established if an individual using any means of corruption, force, or threat of force, undertakes the aforementioned prohibited acts. *See United States v. Popkin,* 943 F.2d 1535, 1539 (11th Cir.1991). Unlike the first clause of § 7212(a), under the omnibus clause, "the prohibited act need not be an effort to intimidate or impede an individual officer or employee." *Id.* at 1539.

Reading 28 C.F.R. § 0.70 in conjunction with 26 U.S.C. § 7212(a), Bowman's argument fails. By the express terms of the regulation, it is only the conduct of criminal proceedings "pertaining to ... corrupt or forcible interference with an officer or employee acting under the Internal Revenue laws" that is excluded from the authority delegated to the Assistant Attorney General, Tax Division. Therefore, the language of the regulation leaves all criminal proceedings under the omnibus clause within the authority of the aforementioned officer. This interpretation by the Court is confirmed by § 6–4.270 of the *United States Attorneys' Manual.* The Assistant Attorney General, Tax Division, was authorized to delegate such prosecution to Mr. Boente.

## II. The effect of *United States v. Kassouf*

In *United States v. Kassouf,* 144 F.3d 952 (6th Cir.1998), this Court upheld the district court's decision to dismiss the charge that the defendant corruptly endeavored to obstruct and impede the due administration of the tax laws in violation of 26 U.S.C. § 7212(a).[2] In the indictment, it was alleged that Kassouf, among other things, "used his partnerships and controlled corporate general partners in order to conduct transactions for his substantial personal benefit, without keeping records necessary to determine the tax consequences of those transactions." *Id.* at 953. It was further alleged that in order to make it more difficult for the IRS to discover and trace his activities, Kassouf "transfer[red] funds between bank accounts before making expenditures, and affirmatively misled the IRS by filing tax returns which failed to disclose the trans-

---

**2.** The dismissed count was one of a twenty-six count indictment that was made up of the following: four counts of attempting to evade personal income taxes in violation of 26 U.S.C. § 7201, twenty-one counts of making false personal, corporate, and partnership tax returns in violation of 26 U.S.C. § 7206, and the aforementioned count in violation of 26 U.S.C. § 7212(a).

actions, the bank accounts and other assets, and the interest earned on those accounts." *Id.* While Kassouf was engaged in these activities, however, no IRS audit, investigation, or proceeding was underway. This Court then held that 26 U.S.C. § 7212(a) requires the government to allege as elements of the offense, that a defendant was aware of a pending IRS action while committing the prohibited conduct. *Id.* at 957, 960. The charge was dismissed.

Bowman argues that this Court's *Kassouf* decision merits reversal of the district court's decision denying his motion for acquittal of Count 1. The basic premise in Bowman's argument is that *Kassouf* requires that when a defendant is charged with violating the omnibus clause of 26 U.S.C. § 7212(a), the government must prove as a necessary element that there is a pending IRS proceeding or investigation of which the defendant was aware at the time the conduct which obstructs or impedes is occurring. Bowman thus argues that since no IRS proceeding or investigation was underway when he filed the 1099 and 1096 forms *Kassouf* requires a reversal of his conviction under Count 1 of the indictment.

The government contends that *Kassouf* is factually distinguishable from Bowman's case in that the panel majority only considered the defendant's failure to keep adequate records and concluded that this action was too speculative to violate 26 U.S.C. § 7212(a).[3] Contrary to Kassouf's conduct, the government states that Bowman wilfully and knowingly supplied false information to the IRS. Thus, the government argues that there is nothing speculative about Bowman's conduct.

*Kassouf* relied on the holding and reasoning of *United States v. Aguilar*, 515 U.S. 593, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995), a case involving not the statute before us in the instant matter, but 18 U.S.C. § 1503, which prohibits the obstruction of "due administration of justice." But *Kassouf* did not, as *Aguilar* did, explicitly impose a "nexus" requirement. *Kassouf* "declined to extend," but did not disavow, the holdings of a number of pre-*Aguilar* cases which did not require that in order to impose liability under § 7212(a), the defendant must be aware of a pending IRS action. Rather, the *Kassouf* panel noted that "[w]hile these cases may provide some support for a reading of the statute that reaches conduct committed before a defendant was aware of a pending IRS action under the Internal Revenue Code, we decline to extend their holdings *to reach the conduct involved in this case.*" *Kassouf*, 144 F.3d at 956 (emphasis added). One of those cases, *United States v. Kuball*, 976 F.2d 529 (9th Cir.1992), affirmed the conviction of a defendant who had filed false 1099 and 1096 forms, the very activity involved in the instant case. Finally, *Kassouf* explicitly reasoned that to permit James Kassouf's conviction to stand would be to "permit[ ] the IRS to impose liability for conduct which was legal (such as a failure to maintain records) and occurred long before an IRS audit, or even a tax return was filed .... [and] would open [individuals] up to a host of potential liability [for] conduct that is not specifically proscribed." *Kassouf*, 144 F.3d at 957.

■ Although the parties suggest that the issue here is one of sufficiency of the evidence, which we would review under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560(1979), the issue is a legal one: whether one who deliberately files false 1099 and 1096 forms with the IRS as a part of a malicious scheme to cause the IRS to investigate one's creditors must, at the time he files those false forms, be aware of "some pending IRS action," in order to be guilty of a violation

---

**3.** The government's further contention that *Kassouf* was wrongly decided by this Court cannot be addressed by this panel. *See United States v. Washington*, 127 F.3d 510, 517 (6th Cir.1997) (holding that one panel cannot overrule a prior panel's published decision).

of 26 U.S.C. § 7212(a).[4]

██ Title 26 encompasses a vast range of activities of the Internal Revenue Code. *See Kassouf,* 144 F.3d at 956. Such activities include "mailing out internal revenue forms; answering taxpayers' inquiries; receiving, processing, recording and maintaining tax returns, payments and other taxpayers submissions; as well as monitoring taxpayers' compliance with their obligations." *Id.* Bowman's conduct of submitting the 1099 and 1096 forms falls squarely within Title 26. The question for this Court to consider is whether his conduct, unlike that of Kassouf, violates the omnibus clause in 26 U.S.C. § 7212(a). When applying an obstruction of justice statute, this Court will narrowly construe such a criminal law to ensure that "proper notice of the unlawfulness of the activity and the reach of the statute" is given to the public. *Id.* at 955. This will protect the public from vague or overly broad statutes that may impose criminal penalties for otherwise lawful activities. However, the Court will be careful not to limit a statute's application in such a way as to leave it meaningless.

In determining whether Bowman's conduct violated the omnibus clause, this Court must evaluate the impact of Bowman's activities on the execution of the duties of the IRS. Bowman wilfully and knowingly filed false information on his 1099 and 1096 forms, and these filings had a direct impact on the administration of this agency's duties. Moreover, the obvious purpose of his actions was to harass his creditors.

We hold that *Kassouf* must be limited to its precise holding and facts, and that it cannot be read to encompass the kind of activity for which Bowman was indicted. All of the reasoning in *Kassouf* supports the conclusion that an individual's deliberate filing of false forms with the IRS specifically for the purpose of causing the IRS to initiate action against a taxpayer is encompassed within § 7212(a)'s proscribed conduct. The filing of false tax forms is not legal when undertaken; it is not speculative; it is specifically designed to cause a particular action on the part of the IRS. The action it is designed to cause is not routine; rather, the intended action is one that, but for the false filing, would not be undertaken at all relative to the victimized taxpayers. Finally, unless *Kassouf* is limited to its facts, its effect would be to prevent the prosecution of actions whose sole purpose is to obstruct or impede the IRS in the administration of its duties, as those acts of obstruction only trigger or attempt to trigger investigations by the IRS. Prosecution of such acts does not offend the goal of *Kassouf:* "In this day, when Congress is attempting to curb the reach of the IRS into the homes of taxpayers, we cannot construe a penal law such as § 7212(a) to permit such an invasion into the activities of lawabiding citizens." *Kassouf,* 144 F.3d at 958. Indeed, to preclude the prosecution of such acts may tend to proliferate the very invasion Kassouf sought to prevent, but the lawabiding citizens whose homes will be invaded would be those of the hapless victims of Bowman and his ilk. Therefore, we conclude that Bowman's activities are proscribed by § 7212(a).

With regard to the two issues involving Bowman's sentence, the Court finds the calculation by the district court of Bowman's sentence was correct under the United States Sentencing Guidelines.

Accordingly, we **AFFIRM** Bowman's convictions and sentence.

---

**4.** It is tempting to point out at this juncture that nearly any sentient being in today's United States will be aware of "some pending IRS action," and therefore this requirement, without some explicit additional requirement of a nexus between the action and the allegedly criminal activity, has little meaning.