UNITED STATES of America, Plaintiff—Appellee,

v.

Donald Ernest WISHART, Defendant— Appellant.

No. 02–10497.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2004.

Submission Vacated Aug. 30, 2004.

Resubmitted Aug. 22, 2005.

Decided Aug. 24, 2005.

Greg Gordon, USSJ—Office of the U.S. Attorney, San Jose, CA, Alan Hechtkopf, Attorney, John Hinton, III, Esq., Karen Quensel, DOJ—U.S. Department of Justice, Tax Division, Washington, DC, for Plaintiff–Appellee.

Suzanne A. Luban, Esq., Law Offices of Suzanne A. Luban, Oakland, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, and TASHIMA and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Donald Wishart appeals the judgment and sentence imposed by the district court after the court found him guilty on all seven counts of an indictment relating to various tax offenses. Wishart contends that he was denied his rights to due process, a fair trial, and self-representation because of the district court's failure to comply with the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm the conviction but remand the sentence to the district court "for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir.2005) (en banc). Our review is for plain error because Wishart did not raise his ADA claim below. Fed. R.Crim.P. 52(b). "Because [Wishart] did not raise a Sixth Amendment objection below, we review the district court's application of the Sentencing Guidelines for plain error." *United States v. Bussell*, 414 F.3d 1048, 1060 (9th Cir.2005) (citation omitted).

## I. ADA Claim

 Wishart claims that the district court failed to accommodate his alleged

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

disability as required by the ADA.[1] Wishart contends that he is disabled within the meaning of the ADA because he suffers from depression, post-traumatic stress disorder, and attention deficit disorder or attention deficit/hyperactivity disorder, and that the district court's failure to make accommodations to mitigate the adverse effect of these conditions violated his constitutional rights.

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "public entity" is defined as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 502(8) of Title 45)." 42 U.S.C. § 12131(1). By definition, the ADA does not apply to the federal government. *See Sheridan v. Michels (In re Disciplinary Proceedings)*, 282 B.R. 79, 92 n. 15 (B.A.P. 1st Cir.2002) (stating that the ADA is not applicable to the federal courts because the ADA definition of a public entity includes only state and local governments), *vacated on other grounds by Sheridan v. Michels (In re Sheridan)*, 362 F.3d 96 (1st Cir.2004).

Even if the ADA did apply, Wishart has failed to meet his burden of establishing prejudice for purposes of plain error review. To the contrary, the record reveals that the district court was extremely pa-tient and careful in all of its dealings with Wishart. The court went out of its way to ensure that Wishart understood what was happening and had the opportunity to express any concerns and questions. Wishart's conviction accordingly is affirmed.

## II. Sentencing Claims

Wishart contends that the district court should not have applied the two-level increase in his offense level for obstruction of justice found in the United States Sentencing Guidelines Manual ("USSG") § 3C1.1.[2] His second argument is that the district court erroneously applied the three-level increase in offense level for official victim under USSG § 3A1.2.

### A. Obstruction of Justice

■ The guidelines provide for a two-level increase in offense level if the defendant obstructed the administration of justice "during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense." USSG § 3C1.1. Wishart contends that the obstructive conduct for which he was convicted was not related to the underlying offense.

Here, the underlying offense was Wishart's attempt to pay his debt to the Internal Revenue Service ("IRS") with the fraudulent Montana Freemen check, and the obstructive conduct was his attempt to stop IRS Agents Sutherland and Tang from collecting his debt to the IRS by

---

1. Because the parties are familiar with the complicated factual and procedural background of this case, we do not recite it here except as necessary to understand this disposition.

2. The 1998 version of the guidelines was used in sentencing Wishart. *See United States v. Benitez–Perez*, 367 F.3d 1200, 1205 (9th Cir. 2004) ("A district court must apply the version of the Sentencing Guidelines in effect on the date of sentencing, unless that would pose an *ex post facto* problem.").

threatening them. The obstructive conduct clearly was related to the underlying offense. *Cf. United States v. Hernandez–Ramirez*, 254 F.3d 841, 844 (9th Cir.2001) (upholding the application of § 3C1.1 where the underlying offense was a violation of the tax laws and the obstructive conduct consisted of submitting a false financial affidavit to a magistrate judge for the purpose of obtaining appointed counsel); *United States v. Verdin*, 243 F.3d 1174, 1176, 1180–81 (9th Cir.2001) (upholding the increase where the underlying offense was importation of marijuana and the obstructive conduct was providing a false identity to the probation officer). The district court did not err in applying the obstruction of justice enhancement.

### B. Official Victim

■ The district court applied the official victim sentencing adjustment found in USSG § 3A1.2, stating that the IRS Agents' "wives were also intended victims." Section 3A1.2 provides for a three-level increase in offense level where, *inter alia*, "the victim was a government officer or employee ... or a member of the immediate family of any of the above, and the offense of conviction was motivated by such status." USSG § 3A1.2(a).

The statute of conviction provides:

Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both.... The term "threats of force" ... means threats of bodily harm to the officer or employee of the United States or to a member of his family.

26 U.S.C. § 7212(a). The first clause of § 7212(a) "is aimed at endeavors to intimidate or impede an officer or employee of the United States, corruptly or by force of threat." *United States v. Bowman*, 173 F.3d 595, 598 (6th Cir.1999) (citation omitted). The second clause, the so-called omnibus clause, is a "catch-all" clause. *Id.* It is not limited as the first clause is "and renders criminal 'any other' action which serves to obstruct or impede the due administration of the revenue laws." *United States v. Kelly*, 147 F.3d 172, 175 (2d Cir. 1998).

The sentencing guideline applicable to a conviction under the first clause is USSG § 2A2.4, Obstructing or Impeding Officers. USSG app. A. If, however, the defendant is convicted under the omnibus clause, the applicable guideline is either USSG § 2J1.2, Obstruction of Justice, or § 2T1.1, Tax Evasion. *Id.* Wishart argues that he violated the first clause, not the omnibus clause, of § 7212(a) and that Application Note 3 of USSG § 3A1.2 accordingly precludes the application of the official victim increase in offense level.[3] The district court, however, reasoned that the omnibus clause was the relevant clause and applied USSG § 3A1.2.

---

3. Application Note 3 provides:
 Do not apply this adjustment if the offense guideline specifically incorporates this factor. In most cases, the offenses to which subdivision (a) will apply will be from Chapter Two, Part A (Offenses Against the Person). The only offense guideline in Chapter Two, Part A, that specifically incorporates this factor is § 2A2.4 (Obstructing or Impeding Officers).
 USSG § 3A1.2, cmt. n. 3.

Although the indictment is not a model of clarity as to whether Wishart was charged under the first clause or the omnibus clause, it does track the language of the omnibus clause when it states that Wishart attempted to "obstruct and impede the due administration of the internal revenue laws."[4] We further note that USSG § 2A2.4 is found in Part A of the guidelines, which deals with offenses against the person, specifically assault. By contrast, the guideline sections applicable to the omnibus clause are found in either Part J (USSG § 2J1.2), which deals with offenses involving the administration of justice, or Part T (USSG § 2T1.1), which deals with offenses involving taxation. The omnibus clause guideline sections are more relevant to Wishart's offense than the section dealing with assault. We conclude that the district court did not err in finding that Wishart was charged under the omnibus clause and, thus, in applying the official victim enhancement.

### C. *Ameline*

As indicated above, our *Ameline* review is for plain error. In this case, after such an analysis, "it is not possible to reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory...." *Ameline*, 409 F.3d at 1084. We therefore "remand to the sentencing court to answer that question." *Id.*

Accordingly, the judgment of conviction is affirmed and the sentence remanded.

**AFFIRMED and REMANDED.**

4. The indictment also includes the language of "acting in an official capacity" from the first clause.