T.C. Memo. 2007-269

UNITED STATES TAX COURT

YVONNE THOMAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11047-06L.                    Filed September 10, 2007.

<u>Jeffrey D. Moffatt</u>, for petitioner.

<u>Elaine T. Fuller</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on cross-motions in limine seeking a ruling as to whether petitioner, in this collection action under section 6330, may challenge and may offer evidence as to the amount of her underlying 2002 individual Federal income tax liability.

## Background

On March 26, 2007, a hearing was held on these motions in Los Angeles, California. Respondent's motion is based on section 6330(c)(2)(B) that limits considerably the scope of our review of respondent's Appeals Office determinations in collection matters. Petitioner's motions are based on a variety of theories and statutory provisions.

A securities firm reported to respondent on Forms 1099-B, Proceeds from Broker and Barter Exchange Transactions, that petitioner in 2002 realized income of approximately $88,000 on the sale of stock.

On her 2002 individual Federal income tax return filed with respondent, petitioner reported only nominal income and no income from the sale of stock.

Petitioner did not participate in the audit of her 2002 individual Federal income tax return that was conducted by respondent, and petitioner did not submit information to respondent's examining agent relating to the income reported on the above Forms 1099-B.

Based on the $88,000 reported on the Forms 1099-B, respondent recalculated petitioner's income and determined a $19,923 deficiency in petitioner's 2002 Federal income taxes.

On February 22, 2005, respondent mailed to petitioner a notice of deficiency reflecting the above $19,923 tax deficiency and a $3,900 section 6662 accuracy-related penalty.

On February 26, 2005, respondent's notice of deficiency was delivered to and received by petitioner, but petitioner did not file a petition with this Court to contest respondent's deficiency determination.

After assessment of the above deficiency, on October 29, 2005, respondent mailed to petitioner a notice of intent to levy, and petitioner timely requested of respondent an Appeals Office collection hearing.

In the Appeals Office hearing, petitioner sought to raise an issue as to the correctness of respondent's above tax deficiency determination, and petitioner requested an abatement of interest solely on the ground that respondent's tax deficiency determination was erroneous. Petitioner did not raise any collection alternatives, and petitioner did not make or submit to respondent an offer-in-compromise. Because petitioner had received respondent's February 22, 2005, notice of deficiency and because petitioner could have petitioned the Tax Court with regard thereto, respondent's Appeals officer declined to consider petitioner's 2002 Federal income tax liability and concluded that the proposed levy should be sustained. Also, respondent's Appeals officer rejected petitioner's claim for interest abatement.[1]

---

[1] Respondent's motion in limine does not seek to preclude petitioner from pursuing her claim for interest abatement.

At the Appeals Office collection hearing (and herein) petitioner claimed that in February of 2005 when she received respondent's deficiency notice charging her with an additional $88,000 in income, she began to suspect that $88,000 may have been stolen or embezzled from her and received by someone else.

Accordingly, petitioner explains, rather than file a Tax Court petition to contest respondent's deficiency determination, upon receipt of the notice of deficiency petitioner contacted a local California police department and requested an investigation as to whether $88,000 had been stolen from her.

As part of the police investigation that was begun, petitioner delivered to the police approximately 100 pages of personal documents, apparently including the original of respondent's notice of deficiency to petitioner and the Forms 1099-B that petitioner had received.

Petitioner explains further that she did not make copies of the documents, including the notice of deficiency, and therefore that once she turned the documents over to the police--in early March of 2005 and until early 2006 when they were returned to her--she did not have access to the documents.

Because--for much of the 90-day period allowed under section 6213(a) for the filing of a Tax Court petition--the original of respondent's notice of deficiency to petitioner was in the possession of the police, petitioner in this collection action asserts that she should be excused for her failure to file a

timely Tax Court petition and that during her hearing with respondent's Appeals Office she should have been allowed (and now in this collection case should be allowed) to raise an issue as to her correct 2002 Federal income tax liability.

Further, petitioner claims that various physical, mental, and emotional disabilities have afflicted her for years and provide an equitable basis to excuse petitioner from not filing a timely petition to challenge respondent's notice of deficiency.

Petitioner summarizes that, taken together, the suspected theft, the police department's possession for over a year of the notice of deficiency, and petitioner's poor medical condition justify an equitable relaxation of the limitation of section 6330(c)(2)(B) and a ruling on the instant motions that would allow petitioner now to raise the issue as to the correct income she realized on 2002 stock sales and her correct 2002 Federal income tax liability.

On brief petitioner adds to her arguments. Petitioner refers to language in the Internal Revenue Manual (IRM) which provides that, "In a CDP hearing, a taxpayer may raise and Appeals must consider, a liability that arose as a result of math error notice adjustments." 4 Administration, Internal Revenue Manual (CCH), sec. 8.7.2.3.10.1(1), at 27,306. Petitioner claims that whatever income petitioner realized in 2002 from the sale of stock would be offset by petitioner's cost basis in the stock and that the failure to take into account petitioner's cost basis

should be treated as a mere "math error" which, under the above IRM provision, should be treated as an administrative adjustment automatically in issue under section 6330(c)(1) and (c)(3)(C).

Further, petitioner refers to the mandate of the Americans With Disabilities Act of 1990 (ADA), Pub. L. 101-336, 104 Stat. 327, currently codified as 42 U.S.C. secs. 12101-12213 (2000), to the general effect that disabled persons be given equal access to governmental agencies, and petitioner argues that because she has medical disabilities, the ADA overrides the period of limitations of section 6213(a) and the jurisdictional limitation of section 6330(c)(2)(B), and she should be allowed to raise an issue as to her correct Federal income tax liability.

At the March 26, 2007, Court hearing on the instant motions in limine, petitioner's counsel claimed to have in his possession corrected brokerage account information showing that all 2002 stock sales that properly are to be charged to petitioner resulted in a net loss.

## Discussion

We briefly discuss our reasons for rejecting petitioner's various arguments and for granting respondent's motion in limine.

Upon receipt of the notice of deficiency petitioner filed a police report. Obviously, petitioner could have chosen in addition, or in lieu thereof, to file a Tax Court petition. Petitioner made that choice. Petitioner's explanation for not

filing a Tax Court petition is not credible. Nothing in the record adequately explains why petitioner, having filed a police report, could not also have filed a timely Tax Court petition to contest respondent's determination of her 2002 Federal income tax liability.

Even the credible evidence submitted relating to petitioner's medical condition does not establish that petitioner in 2002 was incapacitated in such a manner that would have prevented her from filing a Tax Court petition. Much of the evidence relates to petitioner's medical condition in more recent years, not to her medical condition in 2002.

Respondent's notice of deficiency in this case does not constitute a "math error notice". Generally, a "math error notice of adjustment" does not result in a notice of deficiency but results in an automatic assessment notice under section 6213(b). Petitioner, however, received a notice of deficiency and expressly had a right to petition this Court. Sec. 6213(a). The IRM provision referred to by petitioner relating to math errors provides no help to petitioner.

With regard to petitioner's reliance on the ADA, petitioner asserts that because of her medical disabilities and the ongoing police investigation, we should conclude that petitioner did not have a practical or realistic prior "opportunity to dispute" the $19,923 tax deficiency and that under the ADA we should excuse petitioner's failure to timely file a Tax Court petition.

As explained, in addition to her filing of a police report, petitioner could have filed a Tax Court petition. Further, the provisions of the ADA do not apply to Federal courts. United States v. Wishart, 146 Fed. Appx. 171, 172-173 (9th Cir. 2005); Sheridan v. Michels (In re Disciplinary Proceedings), 282 Bankr. 79, 92 n.15 (B.A.P. 1st Cir. 2002) (the ADA definition of a public entity includes only State and local governments), vacated on other grounds Sheridan v. Michels (In re Sheridan), 362 F.3d 96 (1st Cir. 2004).

Petitioner points out that under section 6330(c)(2)(A)(iii) one basis for considering an offer-in-compromise is doubt as to the underlying tax liability, and therefore that in considering whether an offer-in-compromise would be appropriate, petitioner's underlying tax liability should be allowed to be raised. Petitioner, however, in her collection hearing with respondent's Appeals Office, did not raise an offer-in-compromise, nor has she made one to respondent at any time since then, and accordingly we herein will not consider any offer-in-compromise. Magana v. Commissioner, 118 T.C. 488, 493 (2002).

In this regard, respondent asks us to expressly hold that the collection alternative language of section 6330(c)(2)(A)(iii) does not implicitly or necessarily raise an issue as to the amount of a taxpayer's underlying tax liability and does not override the section 6330(c)(2)(B) limitation on the raising of

an issue as to the amount of a taxpayer's tax liability.  We need not and do not address that issue.

None of the exceptions petitioner asks us to recognize are valid.  Under section 6330(c)(2)(B), petitioner is precluded from challenging herein the amount of her 2002 Federal income tax liability.  Evidence relating to petitioner's 2002 Federal income tax liability is not relevant and will not be admitted.[2]

For the reasons stated, we shall deny petitioner's motions in limine, but we shall grant respondent's motion in limine.

The issue as to petitioner's claim for interest abatement will be set for subsequent hearing.

<u>An appropriate order will</u>

<u>be issued</u>.

---

[2]  We note that in certain circumstances under sec. 6201(d) respondent is required to seek reasonable verification of taxpayer income reported by third parties on information returns such as Forms 1099-B.  For this verification requirement to be triggered, however, a taxpayer must have cooperated with respondent during respondent's audit.  Here, petitioner did not participate in the audit, and sec. 6201(d) has no application.