T.C. Memo. 2008-4

UNITED STATES TAX COURT

YVONNE THOMAS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 11047-06L.                    Filed January 3, 2008.

Jeffrey D. Moffatt, for petitioner.

Elaine T. Fuller, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

SWIFT, Judge:  This matter is before us at this time on
respondent's motion for summary judgment as to petitioner's claim
for interest abatement and for section 6673 penalties.

_____

[*]  On Sept. 10, 2007, this Court filed its Memorandum
Opinion (T.C. Memo. 2007-269) in this case.  This opinion
supplements our previous opinion.

On September 10, 2007, we issued an opinion herein, <u>Thomas v. Commissioner</u>, T.C. Memo. 2007-269, granting respondent's motion in limine and holding that petitioner in this collection case could not raise an issue as to the amount of petitioner's 2002 underlying Federal income tax liability.

On November 9, 2007, respondent filed the instant motion for summary judgment as to petitioner's claim for interest abatement and for section 6673 penalties. On December 12, 2007, petitioner filed an objection to respondent's motion for summary judgment.

Background facts relevant to the instant motion were generally set forth in our prior opinion as follows.

A securities firm reported to respondent on Forms 1099-B, Proceeds From Broker and Barter Exchange Transactions, that in 2002 petitioner was paid income of approximately $88,000 on the sale of stock.

On her 2002 individual Federal income tax return filed with respondent, petitioner reported only nominal income and no income from the sale of stock.

Petitioner chose not to participate in respondent's audit of her 2002 individual Federal income tax return, and petitioner did not submit information to respondent's examining agent relating to the reported income on the above Forms 1099-B.

Based on the $88,000 reported on the Forms 1099-B, respondent recalculated petitioner's 2002 income and determined a $19,923 deficiency in petitioner's 2002 Federal income taxes.

On February 22, 2005, respondent mailed to petitioner a notice of deficiency reflecting the above $19,923 tax deficiency and a $3,900 section 6662 accuracy-related penalty.

On February 26, 2005, respondent's notice of deficiency was delivered to and received by petitioner, but petitioner did not file a petition with this Court to contest respondent's deficiency determination.

After assessment of the above deficiency, on October 29, 2005, respondent mailed to petitioner a notice of intent to levy, and petitioner timely requested of respondent an Appeals Office collection hearing.

In the Appeals Office hearing, petitioner sought to raise an issue as to the correctness of respondent's above tax deficiency determination, and petitioner requested an abatement of interest solely on the ground that respondent's tax deficiency determination was erroneous.  Petitioner did not raise any collection alternatives, and petitioner did not make or submit to respondent an offer-in-compromise.

Because petitioner had received respondent's February 22, 2005, notice of deficiency and because petitioner could have petitioned the Tax Court with regard thereto, respondent's Appeals officer declined to consider petitioner's 2002 Federal income tax liability and concluded that the proposed levy should be sustained.  Also, respondent's Appeals officer rejected petitioner's claim for interest abatement.

The primary issue remaining before us on the instant motion is whether respondent, as a matter of law, committed an abuse of discretion in declining to abate interest under section 6404(e). That section provides, insofar as here relevant, for abatement of interest where the interest is attributable to an unreasonable delay by respondent's representatives in performing managerial or ministerial acts.

On June 11, 2007, respondent served interrogatories on petitioner seeking to establish the factual basis for petitioner's claim to interest abatement. Petitioner's responses to the interrogatories establish that the only ground for petitioner's claim to interest abatement is the contention that respondent's underlying tax deficiency determination against petitioner for 2002 was erroneous. Petitioner states: "As [the case] relates to interest abatement, if the deficiency balance is incorrect * * *, neither the principal nor the interest should stand and both should be abated." Petitioner makes no claim which would entitle petitioner to interest abatement.

As we held in our prior opinion, because respondent's Appeals officer took into account and properly considered applicable law and administrative procedures, because issues raised by petitioner were considered and properly rejected, and because respondent's proposed levy action balanced the need for efficient collection with the intrusiveness of a levy, see sec. 6330(c)(3), there occurred in this case no abuse of discretion.

Further, because the only basis alleged by petitioner for interest abatement is the incorrectness of the underlying tax deficiency determined by respondent, the correctness of which is not properly before us, petitioner raises no viable issue as to her entitlement to interest abatement.

We shall grant respondent's motion for summary judgment as to petitioner's claim for interest abatement.

Also, in our discretion, we shall deny respondent's motion for a penalty under section 6673.

<u>An appropriate order and decision will be entered for respondent</u>.